# LAW OFFICE OF ANDREW MUCHMORE

217 Havemeyer Street, 4th Floor
Brooklyn, New York 11211
(917) 932-0299

December 24, 2014

**Via ECF Filing**

Hon. Judge Roslynn R. Mauskopf
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom: 6A (South Wing)
Brooklyn, NY 11201

    Re:    **Muchmore's Cafe, LLC v. City of New York**
              **Index No. 14-cv-5668 (RRM) (RER)**

Your Honor:

    I write on behalf of the Plaintiff Muchmore's Cafe, LLC, pursuant to Rule III(A)(2) of your Individual Rules, to request a pre-motion conference concerning Plaintiff's intention to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). As an Initial Conference has been scheduled for January 5, 2015, Plaintiff requests that the Court hold the Pre-Motion Conference at the time of the Initial Conference or as soon thereafter as is practicable.

## Procedural Background

    Plaintiff filed its Amended Complaint in this action on October 27, 2014 and Defendant filed its Answer to the Amended Complaint on November 24, 2014. On December 16, 2014, the parties conferred via telephone to discuss case scheduling and discovery matters. An Initial Conference is currently scheduled for January 5, 2014 at 11:30 a.m. before the Hon. Judge Ramon E. Reyes, Jr.

## Background of the Case

    This action presents a facial and as-applied challenge to the constitutionality of the New York City Cabaret Law, N.Y.C. Administrative Code 20-359, *et. seq.* (the "Cabaret Law") under the First and Fourteenth Amendments to the United States Constitution. Under the Cabaret Law, "public dance halls" are defined as "[a]ny room, place or space in the city in which dancing is carried on and to which the public may gain admission", and are illegal unless specifically licensed by the City of New York. The licensing process is arduous and expensive. Currently, only 118 premises are licensed under the Cabaret Law [Answer at Para. "24"], and dancing in any other "room, place or space...to which the public may gain admission" is illegal. Issuance of a Cabaret License is limited to certain high-density zoning districts, and a license cannot be obtained in a C1, C2 or C3 district [Answer at Para. "29"], effectively rendering dancing illegal in such districts. Since many genres of music cannot be played without a substantial likelihood

that it would lead to dancing, the Cabaret Law substantially interferes with the rights of musicians and music-hosting establishments to play the music of their choice.

The Cabaret Law was passed in 1926, at the height of the Harlem Renaissance. Both its original text (targeting jazz instruments) and the legislative record demonstrate that it was intended to address the perceived threat of inter-racial dancing and inter-racial mingling in Harlem jazz clubs. The Cabaret Law continues to have a discriminatory impact to this day, disparately impacting genres of music primarily performed by minority musicians such as hip hop, salsa and merengue.

Plaintiff Muchmore's Cafe, LLC is a café and bar located in Williamsburg, Brooklyn, and hosts entertainment and artistic events, including live music. In the present action, Plaintiff seeks declaratory and injunctive relief declaring the Cabaret Law to be unconstitutional and enjoining further enforcement of the law to the extent that it is declared unconstitutional.

### Basis for Plaintiff's F.R.C.P. 12(c) Motion

The Amended Complaint and the Answer have been filed, and the parties have conferred and discussed case management in preparation for the Initial Conference. Both parties feel that the issues in dispute are primarily legal rather than factual, and it is anticipated that the Defendant will cross-move for judgment on the pleadings after the filing of Plaintiff's motion. While the Court may determine that certain claims, such as discriminatory intent or impact, require further factual development, the facts concerning Plaintiff's claims under the First Amendment and substantive due process are largely undisputed. Thus, a motion for judgment on the pleadings is appropriate and may avoid costly discovery, resolving this matter in an expedient fashion for the Court and for the parties.

A motion for judgment on the pleadings under Fed. R. Civ. Proc. 12(c) may be brought by either party "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. Proc. 12(c). New York courts and other federal courts have previously resolved constitutional cases such as the present matter on a Plaintiff's Rule 12(c) motion, granting injunctive and declaratory relief. *See, e.g., Ass'n of Home Appliance Manufacturers v. the City of New York*, 13 Civ. 07888 (S.D.N.Y. 2014); *Wisconsin Realtors Ass'n v. Ponto*, 233 F.Supp.2d 1078 (W.D. Wis. 2002); *Huber v. Wilcher*, 488 F.Supp.2d 592 (W.D. Ky. 2006). In deciding a Rule 12(c) motion, the Court may consider "the complaint, the answer, any written documents attached to them… any matter of which the court can take judicial notice for the factual background of the case… materials incorporated by reference, and documents that, although not incorporated by reference, are integral" to the pleadings. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Judicial notice may be taken of material that is a matter of public record, such as legislative history. *Castellano v. Bd. Of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 754 (2d Cir. 1991).

The Supreme Court and other federal courts have repeatedly held that dance performance is protected expression under the First Amendment. *Barnes v. Glen Theater*, 501 U.S. 560 (1991); *Renton v. Playtime Theatres*, 475 U.S. 41 (1986). Plaintiff's First Cause of Action concerns the applicability of the Cabaret Law to dance performance. Given the sweeping prohibition of dancing contained in the Cabaret Law, and its failure to advance any substantial

governmental objective, the Cabaret Law is most clearly incompatible with the First Amendment as it applies to dance performance.

Plaintiff will also argue that the Cabaret Law's prohibition of social dancing violates the rights of Muchmore's, the musicians that perform at Muchmore's and the customers of Muchmore's under the First Amendment. While there is precedent, principally *Dallas v. Stanglin*, 490 U.S. 19 (1989), refusing to extend First Amendment protection to social dancers, that case involved an ordinance allowing for "teen" dance clubs provided the teens were kept separate from adults. The Cabaret Law is far more sweeping, prohibiting dancing even by adults in almost every "room, place or space" in the City of New York, and should be differentiated. Even ignoring the rights of the social dancers themselves, the Cabaret Law prevents performers and establishments from playing entire genres of music that might lead to dancing. As such, the Cabaret Law clearly implicates the rights of performers and establishments under the First Amendment. Even content-neutral time, manner and place restrictions must be "narrowly tailored to serve a significant governmental interest". See *McCullen v. Coakley*, 573 U.S. ___ (2014). The Cabaret Law's broad prohibition of dancing and dance-oriented music is not narrowly tailored, and the governmental interest that motivated its enactment was discriminatory.

Plaintiff will also argue that the Cabaret Law should be struck down under the doctrine of substantive due process. While the precise boundaries of the doctrine are not well defined, it has been repeatedly applied to strike down arbitrary legislation that restricts individual liberty without advancing a legitimate governmental interest. See *Lawrence v. Texas*, 539 U.S. 558 (2003) (striking down laws against sodomy); *Griswold v. Connecticut*, 381 U.S. 479 (1965) (striking down law restricting access to contraceptives); *Loving v. Virginia*, 388 U.S. 1 (1967) (striking law against inter-racial marriage). It is most readily applied to rights that fall within the "penumbra" of the enumerated rights in the first ten amendments. See *Griswold*, supra. Given its exceptionally broad restrictions on the expressive rights of musicians, dancers and businesses, and its lack of a rational relationship to any legitimate governmental interest, the Cabaret Law should not survive scrutiny under the Due Process Clause of the Fourteenth Amendment.

Finally, Plaintiff will argue that the Cabaret Law is discriminatory in intent and impact, and therefore violates Equal Protection Clause of the Fourteenth Amendment. *Rogers v. Lodge*, 438 U.S. 613 (1982). The legislative record demonstrates that the Cabaret Law was passed with the intent to discriminate against black jazz musicians, the clubs in which they perform, and against interracial dancing and commingling between the races. The Cabaret Law continues to disparately impact minority performers, as genres of music such as hip hop, salsa and merengue cannot be played without a substantial risk that it would lead to dancing.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests a pre-motion conference to be held at the time of the Initial Conference or a soon thereafter as practicable.

Respectfully submitted,

*Andrew Muchmore*

Andrew Muchmore

3