

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

AVE MARIA BRENNAN
Phone: (212) 356-2188
Fax: (212) 356-2019
E-mail: abrennan@law.nyc.gov

January 9, 2015

**By ECF Filing**

Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York 11201

      Re:   Muchmore's Café, LLC v. City of New York
            14-cv-05668 (RRM)(RER)

Your Honor:

      I am an attorney in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendant the City of New York in the above-referenced action.

      In conformance with the Court's Individual Rules, I write this letter to request a pre-motion conference with the Court seeking permission to move for an order pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings and to respond to the letter from plaintiff's counsel that also requests a pre-motion conference seeking leave to move on the same grounds.

      The amended complaint herein challenges the constitutionality of the "New York City Cabaret Law, N.Y.C. Administrative Code 20-359, *et seq.* ('the Cabaret Law'), under the First and Fourteenth Amendments to the United States Constitution." Amended Complaint ¶1. Among other things, the Cabaret Law requires that cabarets be licensed by the Department of Consumer Affairs of the City of New York. Under current statutory and case law, a cabaret is an eating or drinking establishment with dancing for customers. The Cabaret Law does not require licensing for eating or drinking establishments with any sort of musical entertainment or performance dancing.

      Plaintiff Muchmore's Café, LLC (hereinafter "plaintiff" or "Muchmore's") is a café and bar located in Williamsburg, Brooklyn which "hosts original live music, stand-up comedy, theater, art openings, debates, lectures and other forms of entertainment." Amended Complaint ¶42.

Plaintiff contends that the Cabaret Law violates (i) the constitutional rights of plaintiff, as well as the musicians that perform at Muchmore's and the musicians and dancers that would be permitted to perform at Muchmore's and (ii) the constitutional rights of patrons of Muchmore's who want to engage in social dancing while at Muchmore's.

The First Cause of Action (entitled "Dance Performance") is based on the misapprehension that the "Cabaret Law purports to prohibit Muchmore's and similar establishments from hosting dance performances, or to prohibit dancers from performing...." Amended Complaint ¶53. In fact, the Cabaret Law does not regulate dance performances or prohibit dancers from performing. In addition to not regulating performance dance, the Cabaret Law, as modified by case law, does not regulate performance singing, the playing/performance of any type of music or the number of musicians playing/performing any type of music. The licensing provisions of the Cabaret Law are not triggered by the playing of music or by performance dance at an eating or drinking establishment. Contrary to the plaintiff's allegations, the Cabaret Law only applies to cabarets as defined in the Administrative Code and as modified by case law, i.e., an eating or drinking establishment with recreational dancing. Therefore, the First Cause of Action that is based on an alleged infringement of the right of plaintiff to host performance dancing or the playing of music by musicians fails as a matter of fact and law.

The Second Cause of Action is entitled "Social Dancing" and alleges, in part, that the Cabaret Law "purports to prohibit social dancing and/or require Muchmore's and similarly situated establishments to prohibit social dancing by their patrons" in violation of the First and Fourteenth Amendments...." Amended Complaint ¶56. Thus, this claim is based on the alleged constitutional right to engage in "social dancing" or "recreational dancing." However, there is no constitutionally protected right to engage in social/recreational dancing. City of Dallas v. Stanglin, 490 U.S. 19, 25 (1989) ("We think the activity of these dance-hall patrons – coming together to engage in recreational dancing – is not protected by the First Amendment.") Therefore, as a matter of law, any constitutional claim relying on a First Amendment right to engage in social/recreational dancing, fails as a matter of law.

Indeed, plaintiff itself essentially acknowledges that the social/recreational dance claim in the Second Cause of Action is without legal basis when it states "[t]o the extent that certain prior precedents have failed and/or refused to extend constitutional protections to social dancing, Plaintiff respectfully requests that this Court differentiate, modify, reverse and/or reconsider such precedents...." Amended Complaint ¶57.

In the Second Cause of Action, plaintiff not only alleges that the Cabaret Law violates the First and Fourteenth Amendments to the Constitution by prohibiting social dancing or requiring Muchmore's "to prohibit social dancing by their patrons," it also alleges that the Cabaret Law prohibits it from "hosting genres of music that might lead to dancing" in violation of the First and Fourteenth Amendments. Amended Complaint ¶56 (see also Amended Complaint second ¶46 - "To the extent that the Cabaret Law prevents Muchmore's from hosting or playing genres of music that might lead to dancing by its patrons, it unduly interferes with the First Amendment and Fourteenth Amendment rights of Muchmore's, the musicians that perform at Muchmore's or that would be permitted to perform at Muchmore's but for the Cabaret Law, and the customers of Muchmore's.")

Plaintiff's constitutional claim based on the allegation that the Cabaret Law prevents it from hosting or playing genres of music "that might lead to dancing by its patrons" (Amended Complaint second ¶46) also fails. As explained above, the Cabaret Law does not require the licensing of an eating or drinking establishment with music and it does not mandate or prevent any genre of music from being played. The claim that the constitutional rights of Muchmore's, and musicians and customers of Muchmore's, are violated because certain music played at Muchmore's "might lead to dancing by its patrons" (which dancing would require the eating or drinking establishment to obtain a cabaret license) is flimsy, attenuated and without foundation in law. First, this claim is essentially based on an alleged constitutional right to social/recreational dancing, which is not recognized by the Supreme Court. Second, the allegation that certain music might lead to dancing by patrons, while other types of music might not lead to dancing by patrons, does not support the conclusion that the Cabaret Law interferes with constitutional protections. Similarly, to the extent plaintiff asserts an Equal Protection claim based on the allegation that "minority performers" are impacted because they cannot play "genres of music such as hip hop, salsa and merengue ... without a substantial risk it would lead to dancing", this claim also fails.

As to plaintiff's statement in its letter requesting a pre-motion conference that it will also argue that the cabaret law violates substantive due process, legislation will be struck down as a violation of substantive due process only if the Court finds it "has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare...." Nectow v. City of Cambridge, 277 U.S. 183, 187-88 (1928). The cabaret licensing scheme passes substantive due process muster insofar as regulating cabarets is in the interest of public health, safety and welfare.

In addition, to the extent that plaintiff seeks to assert the rights of musicians and customers of Muchmore's, plaintiff does not have standing to do so. ("As for standing, several of plaintiffs' allegations relate to injuries allegedly suffered by non-parties, and therefore must be dismissed for lack of standing." Kiryas Joel Alliance v. Village of Kiryas Joel, 2011 U.S. Dist. LEXUS 137074, *19 (S.D.N.Y. 2011). See also Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982), citing Warth v. Seldin, 422 U.S. 490, 499 (1975).

Finally, upon information and belief, plaintiff has not applied for a cabaret license, and there is nothing preventing it from doing so.

For all of the forgoing reasons, and others, defendant the City of New York respectfully requests this Court grant leave to file a motion for judgment on the pleadings.

Very truly yours,

*Ave Maria Brennan*

Ave Maria Brennan
Assistant Corporation Counsel

Cc:     By ECF filing

    Andrew Muchmore, Esq.
    Law Office of Andrew Muchmore
    217 Havemeyer Street, 4th Floor
    Brooklyn, New York 11211
    amuchmore@muchmorelaw.com
    (917) 932-0299