> **Note:** New York City businesses must comply with all relevant federal, state, and City laws and rules. All laws and rules of the City of New York, including the Consumer Protection Law and Rules, are available through the Public Access Portal, which businesses can access by visiting www.nyc.gov/consumers. For convenience, sections of the New York City Licensing Law (and Rules, if enacted) are included as a handout in this packet. The Law (and Rules) are current as of January 2009.
>
> Please note that businesses are responsible for knowing and complying with the most current laws, including any City Council amendments. The Department of Consumer Affairs (DCA) is not responsible for errors or omissions in the handout provided in this packet. The information is not legal advice. You can only obtain legal advice from a lawyer.

## NEW YORK CITY ADMINISTRATIVE CODE
## TITLE 20: CONSUMER AFFAIRS
## CHAPTER 2: LICENSES
## SUBCHAPTER 20: PUBLIC DANCE HALLS, CABARETS AND CATERING ESTABLISHMENTS

§ 20-359  Definitions. Whenever used in this subchapter the following terms shall mean:

1. "Public dance hall." Any room, place or space in the city in which dancing is carried on and to which the public may gain admission, either with or without the payment of a fee.

2. "Public dance or ball." Any dance or ball of any nature or description to which the public may gain admission.

3. "Cabaret." Any room, place or space in the city in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons.

4. "Catering establishment." Any room, place or space in the city, which is used, leased or hired out in the business of serving food or beverages for a particular function, occasion or event, to which the public is not invited or admitted and wherein music or entertainment is permitted.

5. "Person." An individual, corporation, club, partnership, association, society or any other organized group of persons, and shall include officers, directors and trustees of a corporation, club, association or society.

6. "Employee." A person employed in any capacity or title in connection with a cabaret or public dance hall, including the licensee and any and all persons responsible for the control or management thereof. It shall also include a concessionaire and each person employed by such concessionaire.

7. "Security guard." A person as defined by subdivision six of section eighty-nine-f of the general business law. There shall be a rebuttable presumption that a person employed or whose services are retained at a public dance hall or cabaret whose job functions include (1) the monitoring or guarding of the entrance or exit of such public dance hall or cabaret to manage ingress and egress to such public dance hall or cabaret for security purposes during the hours of operation of such establishment and/or (2) protection of such public dance hall or cabaret from disorderly or other unlawful conduct by such patrons is a security guard, provided, however, that such rebuttable presumption shall not apply to the owner of the public dance hall or cabaret.

§ 20-360 Licenses and fingerprinting. a. It shall be unlawful for any person to conduct, maintain or operate, or engage in the business of conducting, maintaining or operating, a public dance hall, cabaret or catering establishment unless the premises wherein the same is conducted, maintained or operated are licensed in the manner prescribed herein.
  b. A membership corporation, club, association or society which permits musical entertainment, singing, dancing or other form of amusement in premises wherein food or drink is directly or indirectly sold to its members, or their guests, or to the public, shall be deemed to be conducting a cabaret hereunder.
  c. A steamship or boat moored or tied to a dock, pier or shore, and which contains a dance hall or cabaret in use while so moored or tied, shall be required to obtain such license.
  d. All applicants for licenses required by the provisions of this subchapter and holders of concessions on premises requiring such license shall be fingerprinted. If the applicant is a partnership, all members of the partnership shall be fingerprinted. Except in the discretion of the commissioner, if the applicant is a corporation, club, association, society or other organized groups of persons, all officers, directors, stockholders and other persons entitled to a share of the income or profits shall be fingerprinted. If the applicant for a cabaret license is the proprietor of a hotel containing more than two hundred rooms, only an officer or manager of the hotel filing the application shall be fingerprinted.

§ 20-360.1 Security guards in public dance halls or cabarets. a. It shall be a violation of this subchapter for any person to conduct, maintain or operate a public dance hall or cabaret that employs or retains the services of one or more security guards without complying with the provisions of article 7-A of the general business law.
  b. A public dance hall or cabaret that employs or retains the services

of one or more security guards shall maintain and make available during all hours of operation, in accordance with rules promulgated by the department, proof that each such security guard is validly registered pursuant to article 7-A of the general business law.

  c. A public dance hall or cabaret shall maintain a roster of all security guards working at any given time when such public dance hall or cabaret is open to the public, and shall require each security guard to maintain on his or her person proof of registration at all times when on the premises.

  d. The enforcement agency shall report any violation of the provisions of this section to the state liquor authority if the licensee holds a license pursuant to the alcoholic beverage control law.


  § 20-360.2. Additional security measures for cabarets and public dance halls. a. No one shall operate a cabaret or public dance hall unless all entrances and exits used by patrons are equipped with digital video surveillance cameras, provided, however, that this section shall not apply to an establishment that operates primarily as a restaurant, as defined by section three of the alcoholic beverage control law, during all hours of operation.

  b. Digital video surveillance systems shall comply with the following provisions and with the rules of the commissioner:

  1. The video surveillance cameras shall be digital in nature and shall be of sufficient number, type, placement and location to view and record all activity in front of and within 15 feet of either side of each entrance or exit;

  2. The video surveillance cameras shall be sufficiently light sensitive and provide sufficient image resolution (supported by additional lighting if necessary) to produce easily discernible images recorded at all times;

  3. The video surveillance cameras shall record at a minimum speed of fifteen frames per second;

  4. The video surveillance camera images shall be capable of being viewed through use of appropriate technology, including but not limited to a computer screen or closed circuit television monitor;

  5. The video surveillance camera system shall be capable of transferring the recorded images to a portable form of media, including but not limited to compact disc or digital video disc;

  6. The video surveillance cameras shall not have an audio capability;

  7. The video surveillance cameras shall be maintained in good working condition;

  8. Except as otherwise provided by rule, the video surveillance cameras shall be in operation and recording continuously during all hours of operation of the cabaret or public dance hall and for two hours after the cabaret or public dance hall closes;

9. The recordings made by video surveillance cameras installed and maintained pursuant to this section shall be indexed by dates and times and preserved for a minimum of thirty days so that they may be made available to the department, the police department and other government agencies acting in furtherance of a criminal investigation or a civil or administrative law enforcement purpose;

10. All recordings made by video surveillance cameras installed and maintained pursuant to this section while in the possession of the cabaret or public dance hall shall be stored in a locked receptacle located in a controlled access area, to which only authorized personnel have access, or shall otherwise be secured so that only authorized personnel may access such video recordings. All personnel authorized to access such video recordings must certify in writing that they have been informed on the appropriate use and retention of recordings as set forth in this section, and on the legal issues associated with video surveillance and the use and retention of recordings. The cabaret or public dance hall shall keep a log of all instances of requests for, access to, dissemination and use of, recorded materials made by video surveillance cameras installed and maintained pursuant to this section. Copies of the certifications by authorized employees and of the access log shall be provided to the department in accordance with its rules;

11. The use or dissemination of recordings made by video surveillance cameras installed and maintained pursuant to this section in violation of the penal law or section 50 of the civil rights law shall result in suspension or revocation of a license and a fine of not less than $5,000 nor more than $50,000; and

12. The cabaret or public dance hall shall post signage at appropriate locations, as determined by rule of the commissioner, to notify the public of its use of video surveillance equipment and the locations of video surveillance equipment so that the public has sufficient warning that surveillance is in operation.

c. Each person subject to the provisions of this section shall submit, or ensure the submission of, a report to the department within thirty days after the effective date of this section, or, in the case of a new cabaret or public dance hall, within thirty days after the establishment of such cabaret or public dance hall. Such report shall certify that the cabaret or public dance hall is in compliance with this section. Reports filed pursuant to this subdivision shall be submitted in such form and manner and containing such information as shall be provided by rule of the commissioner.

d. The department shall conduct periodic inspections of licensees to ensure compliance with the use and retention policies set forth in this section.

e. The commissioner may suspend or revoke a cabaret or public dance hall license if the licensee violates the requirements of this section and, in addition, shall impose a fine of $1,000 for each violation of

paragraphs nine, ten or twelve of subdivision (b) of this section, and any additional penalties and fines as required by paragraph eleven of subdivision (b) of this section.

§ 20-361 Issuance and renewal of license. a. The commissioner may refuse to issue or renew a license to an applicant only upon the occurrence of any one or more of the following conditions:
   1. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation have not submitted complete and accurate information required by the department in connection with:
   (a) an application for a license or renewal thereof;
   (b) an application for the approval of a change of ownership;
   (c) the furnishing of a record of convictions for offenses as provided in paragraph five of this subdivision;
   (d) the furnishing of financial information and records by the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation concerning the source of funds used or intended to be used in the operation of the licensed business and the amount of total funds each such individual has invested in the business;
   2. the premises on or in which the licensed business is to be conducted have not been certified as in compliance with the health, fire, buildings, zoning and water, gas and electricity safety requirements and standards established by the laws of the city and state of New York or any other governmental authority having jurisdiction thereof;
   3. with respect to a new license application for the premises on or in which the licensed business is to be conducted, there is no current certificate of occupancy to operate a public dance hall, cabaret or catering establishment;
   4. the applicant, licensee, its officers, principals, directors and stockholders have not complied with the regulations of the department applicable thereto;
   5. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation have been convicted of:
   (a) any of the following offenses and there is a relationship between the offense and the conduct of a public dance hall, cabaret or catering establishment:
   (i) an offense within article two hundred of the penal law relating to bribery involving public servants;
   (ii) a felony within article two hundred ten of the penal law relating to perjury;
   (iii) an offense within article two hundred thirty of the penal law

relating to prostitution offenses;

(iv) an offense within article two hundred forty-five of the penal law relating to offenses against public sensibilities;

(v) an offense within section 260.20 of the penal law relating to unlawfully dealing with a child;

(b) any other offense which is a felony under the laws of this state or a crime committed in violation of the laws of any other jurisdiction which if committed in this state would be a felony;

(c) any offense which is a misdemeanor involving the premises on or in which the licensed business is to be conducted.

6. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation have suffered or permitted the premises on or in which the licensed business is to be conducted, through improper or inadequate maintenance and supervision, to be used for the commission of any of the offenses set forth in paragraph five of this subdivision;

7. the applicant, its officers, principals, directors, stockholders owning more than ten percent of the outstanding stock of the corporation and employees thereof at the premises on which the licensed business is to be conducted have at least three times been proven to be in violation of the provisions of subchapter one of chapter five of this title of this code or of any regulations promulgated thereunder.

(b) The commissioner shall not issue or renew a license if the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation have not paid, within the time permitted by law, any fine, penalty or judgment duly imposed in connection with or arising from the use, occupation or operation of the premises on which the licensed business is to be conducted.

(e) Each applicant and licensee shall notify the department in writing by registered mail, return receipt requested, within three business days of receipt of notice of service of a summons for a violation relating to the operation of the business licensed or to be licensed or to the premises on or in which the business licensed or to be licensed is to be conducted and of a conviction for any offense set forth in paragraph five of subdivision a of this section occurring after the filing date of the application for a license or a renewal thereof or occurring during the term of the license.

(f) In the manner prescribed in rule three hundred eighteen of the civil practice law and rules, each applicant or licensee shall designate an agent, a substitute agent and a successor agent for receiving service of process and communications from this department located within the city of New York. Proof of such designation shall be filed with the license application at the department.

§ 20-362 Exemptions. This subchapter shall not apply to:

a. Premises owned, occupied and used exclusively by a membership corporation, club, society or association, provided such membership corporation, club, society or association was in actual existence prior to January first, nineteen hundred twenty-six.

b. Premises owned, occupied and used exclusively by a religious, charitable, eleemosynary or educational corporation or institution.

c. Premises licensed pursuant to subchapters one and three of this chapter.

§ 20-363 Fees. a. The license herein prescribed shall be issued by the commissioner. Application for such license shall be made on a form containing such information as may be determined by the commissioner, and shall be certified to by the applicant. The fee for each cabaret or public dance hall license shall be as follows:

| Capacity | Fee |
|---|---|
| Up to and including 74 persons | $300 |
| 75 to 299 persons | 400 |
| 300 to 599 persons | 455 |
| 600 or more persons | 500 |

for each year or fraction thereof.  The fee for each catering establishment shall be as follows:

| Up to and including 74 persons | $200 |
|---|---|
| 75 to 299 persons | 270 |
| 300 to 599 persons | 400 |
| 600 or more persons | 535 |

for each year or fraction thereof.

b. If additional rooms are to be used independently by the same applicant in the same premises as a public dance hall, cabaret or catering establishment, the applicant shall indicate on the application the location of each and every room or space which is to be used for such purpose. In such cases a separate license shall be required for each such additional independent room or space, and the fee for each such independent additional room or space shall be sixty dollars.

c. A partial fee in an amount equal to one-third of the applicable license fee shall be paid upon filing of an application for a license herein prescribed, in order to defray the cost of processing the application and shall not be refundable. The processing fee shall be applied against the fee to be paid for the issuance of such license as provided herein.

§ 20-364  Posting of license. Each license issued hereunder shall be

kept posted at the main entrance of every place licensed hereunder.

§ 20-365  License not transferable. No license issued under the provisions of this subchapter shall be transferred or assigned to any person, or used by any person other than the licensee to whom it was issued, nor shall such license be used on any location other than the location stated in such license.

§ 20-366  Changes in corporate licenses. If, during the term of the licensing period, one or more directors, stockholders or officers of a corporate license, is substituted or added, such substituted or added directors, stockholders or officers shall, within five days of such substitution or addition, file with the commissioner an application for an approval of the change of directors, stockholders or officers on such forms as are prescribed by the commissioner. A waiver of this provision may be granted in the discretion of the commissioner to any corporation with regard to stockholders holding less than ten percent of the issued stock.

§ 20-367  Places closed to public within certain hours. Premises licensed hereunder shall not be kept open for business, nor shall the public be permitted to enter or to remain therein, between four ante meridian and eight ante meridian; and if the occupant is a membership corporation, club, association, or society, its members or their guests shall not be permitted to enter or to remain therein between such hours. The commissioner, in his or her discretion, may permit any premises licensed hereunder to be open to the public between such hours on special occasions. If it appears to the commissioner that the place for which a license is sought will be frequented by minors, or if there is in the opinion of the commissioner any other good and sufficient reason therefor, he or she may grant a license upon the condition that the licensed premises shall not be open for business between one ante meridian and eight ante meridian.

§ 20-368  Rules and regulations. a. The commissioner is authorized to adopt such reasonable rules and regulations as he or she may deem necessary for the proper control, operation, and supervision of public dance halls, cabarets and catering establishments.
  b. Upon request of a patron or guest of a public dance hall or cabaret, such patron or guest shall be furnished with a clearly printed menu or other written list that itemizes the prices charged for food and drink sold before he or she is served, or, in the alternative, one or

more signs reciting such itemized prices may be placed in conspicuous locations within the premises so as to be readily observable to all patrons and guests.

§ 20-369 Suspension and revocation of license. a. The commissioner may suspend or revoke a license for conduct of the licensee, its officers, principals, directors, agents or employees or in a closely held corporation, stockholders that would constitute grounds for denying the issuance of renewal of a license pursuant to section 20-361 of this code.

b. The commissioner may suspend or revoke a cabaret or public dance hall license if the licensee violates the requirements of section 20-360.1 of this subchapter, provided, however, that the commissioner shall suspend or revoke a cabaret or public dance hall license upon the third violation by the licensee within two years of the first violation.

c. Upon application to the commissioner and prior to the reinstatement or reissuance of a suspended or revoked license, the licensee, with the commissioner's approval, shall, upon payment of the fee as specified in section 20-362 of this code, be permitted to operate for six months on a probationary license. At the end of such six month period, the license shall be reinstated or reissued unless the commissioner finds that the licensee, its officers, principals, directors, agents or employees or, in a closely held corporation, stockholders, have engaged in conduct that would constitute grounds for denying the issuance or renewal of a license pursuant to section 20-361 of this code. Upon a finding of such conduct the probationary license shall be revoked and shall not be reissued for a period of one year.

§ 20-370. Independent monitoring required. The commissioner may, with the consent of the licensee, require in lieu of suspension or revocation of a license pursuant to section 20-369 of this code upon the grounds delineated in sections 20-361, 20-360.1 or 20-360.2 of this code, or as a condition of license renewal upon the occurrence of one or more of the conditions provided in section 20-361 of this code, that the licensee enter into a contract with an independent monitor approved or selected by the police commissioner. Such contract, the cost of which shall be paid by the licensee, shall provide that the monitor review the activities of the licensee with respect to the licensee's compliance with the provisions of this subchapter, other applicable federal, state and local laws and such other matters as the department shall determine by rule, and shall recommend to the licensee steps it can take and practices it can implement to ensure compliance with such provisions, rules and laws, which may include, but need not be limited to, the use of identification scanners at all entrances and additional training for

employees concerning safety issues, conflict management and/or laws and liabilities associated with the illegal service of alcoholic beverages. The contract shall provide further that the monitor report the findings of such monitoring, including the extent to which the cabaret or public dance hall has complied with the monitor's recommendations, to the department and to the police commissioner on a regular basis, as determined by rule of the commissioner.

§ 20-370.1. Reporting by the department regarding monitoring contracts. The department shall submit to the city council on an annual basis a report listing all monitoring contracts entered into pursuant to section 20-370 of the administrative code of the city of New York, which report shall include: (1) the reason for each monitoring agreement; (2) the length of the initial monitoring period in each monitoring agreement; and (3) the length of any extension of a monitoring agreement and the reasons for such extension.

§ 20-370.2. Reporting by licensees of substantiated violations against cabarets and public dance halls. Licensees who are convicted or otherwise found liable for violation of any of the provisions of sections 20-361, 20-360.1 or 20-360.2 that would constitute grounds for denying the issuance or renewal of a license shall within ten days of such conviction or finding report such conviction or finding to the department in a form and manner and containing such information as shall be provided by rule of the commissioner.

**Note:** New York City businesses must comply with all relevant federal, state, and City laws and rules. All laws and rules of the City of New York, including the Consumer Protection Law and Rules, are available through the Public Access Portal, which businesses can access by visiting www.nyc.gov/consumers. For convenience, sections of the New York City Licensing Law (and Rules, if enacted) are included as a handout in this packet. The Law (and Rules) are current as of January 2009.

Please note that businesses are responsible for knowing and complying with the most current laws, including any City Council amendments. The Department of Consumer Affairs (DCA) is not responsible for errors or omissions in the handout provided in this packet. The information is not legal advice. You can only obtain legal advice from a lawyer.

**RULES OF THE CITY OF NEW YORK**
**TITLE 6: DEPARTMENT OF CONSUMER AFFAIRS**
**CHAPTER 2: LICENSES**
**SUBCHAPTER T: PUBLIC DANCE HALLS, CABARETS AND CATERING ESTABLISHMENTS**

§2-201  **Charges for Food and Drink.**
   Before a cabaret patron or guest is served, he or she is to be furnished with a clearly printed menu itemizing the prices charged for food and drink. If there is an extra charge for a particular space or table, the patron must be advised accordingly before being seated. If a licensee advertises his or her business and reference is made in the advertisement to prices, such advertisement must accurately and clearly indicate whether there are any variations in the prices depending upon the time of day or evening, or any cover, placement, location or minimum charge. If there is a time limit on a table reserved or otherwise, the patron or patrons must be notified before being seated. No amount greater than the price listed on the menu shall be charged for any food or drink.

§2-202  **Accessibility to Authorities.**
   During the period that a public dance hall, cabaret or catering establishment is occupied by patrons or guests, every part thereof shall be kept accessible to authorized members of the Police Department and Department of Consumer Affairs' inspectors.

§2-203  **Entrances and Exits.**
   All entrances and exits of the public dance hall, cabaret or catering establishment shall remain unlocked while there are patrons on the premises.

 §2-204  **Community Board Input.**
   The Commissioner shall forward a copy of every new application for a cabaret inspection (submitted pursuant to the requirements for obtaining a new cabaret license) within five days of receiving it to the community board for the community district in which

the cabaret is located. The community board, within forty-five days of the receipt of a copy of such application, may provide the commissioner with any information it possesses regarding the proposed applicant. In determining whether to issue or renew a cabaret license, the commissioner may consider any information relevant to the grounds for refusal to issue or renew set forth in §20-361 of the Administrative Code.

§2-205  **Security Guards.**
   (a)  A cabaret shall not employ or retain the services of a security guard as defined in subdivision 7 of §20-359 of the administrative code of the city of New York without complying with the provisions of article 7-A of the general business law.
   (b)  A cabaret shall retain on the premises a copy of the current license issued pursuant to article 7-A of the general business law to each security guard on duty at such establishment, as identified on the roster of security guards maintained by such establishment pursuant to §20-360.1 of the administrative code of the city of New York, and make the copy of each license available on demand for inspection by any person authorized to enforce subchapter 20 of chapter 2 of Title 20 of such administrative code.

§2-206  **Individual Designated to Receive Complaints.**
   A cabaret shall designate at least one individual who will be responsible for receiving complaints concerning the operation of the cabaret. The name of such individual along with his or her business telephone number shall be filed with the Department. Such individual or a responsible associate shall be accessible during the hours the cabaret is open for business and shall respond to any complaints in a timely and reasonable manner.

§2-207  **Crowd Control.**
   A cabaret shall exercise proper care and responsibility in supervising crowd control in the areas adjacent to the cabaret's entrance. A cabaret shall make a good faith effort to ensure that the crowd awaiting admission to or leaving the premises does not cause excessive noise or litter or behave in a manner that would disturb the public peace or safety. Cabarets that are required to have an indoor waiting area as a condition of their certificate of occupancy shall utilize that area to its maximum capacity at all times when crowds are awaiting admission.