UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MUCHMORE'S CAFÉ, LLC,

                                         Plaintiff,

                    -against-

CITY OF NEW YORK,

                                         Defendant.

------------------------------------------------------------------- x

**DECLARATION IN SUPPORT OF CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

14- CV-05668 (RRM)(RER)

       **AVE MARIA BRENNAN,** declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

       1.     I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendant the City of New York. I am an attorney admitted to practice law before the courts of the State of New York and before this Court. I submit this declaration in support of defendant's cross-motion motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. I also submit this declaration to provide to this Court copies of the relevant statutory and regulatory scheme, as well as relevant public documents.

**The Pleadings**

       2.     Plaintiff commenced this action by summons and complaint, dated October 1, 2014 and September 26, 2014, respectively.

       3.     Thereafter, plaintiff served another summons, dated October 28, 2014 and an amended complaint, dated October 27, 2014. A copy of the Summons and Amended Complaint is attached hereto as Exhibit 1.

4. By answer dated November 24, 2014, the defendant responded to the allegations in the amended complaint. A copy of the City's Answer to the Amended Complaint is attached hereto as Exhibit 2.

**The Relevant Statutes**

5. Administrative Code of the City of New York ("Administrative Code") § 20-101 sets forth the "Legislative Intent" of the licensing requirements for certain trades, businesses and industries in the City of New York, which are licensed by the Department of Consumer Affairs of the City of New York. A copy of this section is attached hereto as part of Exhibit 3.

6. Administrative Code § 20-104 sets forth the powers of the Commissioner of the Department of Consumer Affairs of the City of New York with respect to licensing. A copy of this section is attached hereto as part of Exhibit 3.

7. Administrative Code § 20-359 sets forth the definitions of terms used in subchapter 20 of chapter 2 of title 20 of the Administrative Code. The definition of "cabaret" is set forth in Administrative Code § 20-359(3). A copy of this section is attached hereto as part of Exhibit 3.

8. Administrative Code § 20-360(a) requires the licensing of cabarets by the Department of Consumer Affairs of the City of New York. A copy of this section is attached hereto as part of Exhibit 3.

9. Administrative Code § 20-360.2 sets forth, among other things, requirements for digital video surveillance cameras for cabarets. A copy of this section is attached hereto as part of Exhibit 3.

**The Relevant Rules of the City of New York**

10. Title 6 of the Rules of the City of New York ("RCNY") sets forth the rules of the Department of Consumer Affairs of the City of New York. Copies of the following rules for cabarets: Title 6 RCNY § 2-202 ("Accessibility to Authorities"); § 2-203 ("Entrances and Exits"); § 2-205 ("Security Guards"); and § 2-207 ("Crowd Control"), are attached collectively hereto as Exhibit 4.

**The Zoning Resolution of the City of New York**

11. Zoning Resolution § 12-10 is entitled "Definitions" and includes definitions of terms used in the text of the Zoning Resolution itself. A copy of the beginning of Zoning Resolution § 12-10 and the pages with the definition of "Use" is attached hereto as part of Exhibit 5.

12. On December 13, 1989, the New York City Planning Commission issued a Report and Resolution approving the amendment of certain sections of the Zoning Resolution, including section 32-21 ("Use Group 12"). A copy of the City Planning Commission Report and Resolution is attached hereto as Exhibit 6.

13. On February 8, 1990, the Board of Estimate of the City of New York approved, with certain modifications, the amendments to the Zoning Resolution including the amendments to Zoning Resolution § 32-21.[1]

14. Zoning Resolution § 32-21 is entitled "Use Group 12" and, among other things, includes as a Use Group 12 "[e]ating or drinking establishments with entertainment and a

---

[1] The Board of Estimate is now obsolete and the authority to approve these changes now rests with the City Council. Here, the Board of Estimate approved ZR § 32-21 with certain modifications regarding, among other things, where the use was as-of-right and where a special permit was required.

3

capacity of more than 200 persons, or establishments of any capacity with dancing...." A copy of this section is attached hereto as part of Exhibit 5.

**Material from Department of Consumer Affairs Website**

15. A list of types of industries that the Department of Consumer Affairs licenses that is available at the Department's website at http://www1.nyc.gov/assets/dca/downloads/pdf/businesses/licensing_industries_list.pdf is attached hereto as Exhibit 7.

**The Health Code Provision Defining Food Service Establishments**

16. Title 24 RCNY § 81.03(o) sets forth the definition of "food service establishment." A copy of 24 RCNY § 81.03(o) is attached hereto as part of Exhibit 8.

17. Title 24 RCNY § 81.05(c) sets forth the requirement that the operator of a food service establishment obtain a permit from the Commissioner of the Department of Health and Mental Hygiene. A copy of 24 RCNY § 81.05(c) is attached hereto as part of Exhibit 8.

**The Food Service Permit Issued to Plaintiff**

18. The Department of Health and Mental Hygiene of the City of New York issued to plaintiff a permit/license to operate a food service establishment at 2 Havemeyer Street in Brooklyn which is the location of the café operated by plaintiff. A copy of the "Permit/License Food Service Establishment (General) License" is attached hereto as Exhibit 9.

## CONCLUSION

19. For all of the reason set forth in the accompanying

4

memorandum of law, the cross-motion of the City of New York for judgment on the pleadings should be granted and plaintiff's motion for the same relief should be denied

Dated:    New York, New York
              April 24, 2015

                                            */s/ Ave Maria Brennan*
                                            **AVE MARIA BRENNAN**