EXHIBIT 2

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MUCHMORE'S CAFE, LLC,

                           Plaintiff,

         -against-                                    **ANSWER TO**
                                                      **AMENDED**
CITY OF NEW YORK,                                     **COMPLAINT**

                                                      CV 14-5668 (RRM)(RER)
                           Defendant.

-------------------------------------------------------------------x
```

Defendant the City of New York, as and for its answer to the amended complaint, alleges upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to proceed as set forth therein.

2. Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to proceed as set forth therein.

3. Denies the allegations set forth in paragraph "3" of the amended complaint, except admits that venue is proper in the Eastern District of New York.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the amended complaint.

5. Admits the allegations set forth in paragraph "5" of the amended complaint.

6. Denies the allegations set forth in paragraph "6" of the amended complaint, and refers the Court to section 20-359 of the Administrative Code of the City of New York ("Administrative Code") for its full text and true meaning.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, and refers the Court to section 20-359 of the Administrative Code for its full text and true meaning.

8. Denies so much of the allegations set forth in paragraph "8" of the amended complaint as alleges or purports to allege that section 20-359 of the Administrative Code is unconstitutional or otherwise invalid.

9. Denies the allegations set forth in paragraph "9" of the amended complaint, and refers the Court to section 20-360 of the Administrative Code for its full text and true meaning.

10. Denies the allegations set forth in paragraph "10" of the amended complaint, and refers the Court to section 20-360.1 of the Administrative Code for its full text and true meaning.

11. Denies the allegations set forth in paragraph "11" of the amended complaint, and refers the Court to section 20-360.2 of the Administrative Code for its full text and true meaning.

12. Denies the allegations set forth in paragraph "12" of the amended complaint, and refers the Court to sections 20-359 et seq. of the Administrative Code for their full text and true meaning and avers that the Zoning Resolution of the City of New York ("Zoning Resolution") provides, among other things, that eating and drinking establishments with dancing are categorized as Use Group 12 and that Use Group 12 uses are permitted only in the following Commercial Districts: C4 ("General Commercial"), C6 ("General Central Commercial"), C7 ("Commercial Amusement") and C8 ("General Service") zoning districts, and refers the Court to Zoning Resolution §§ 32-00 and 32-21 for their full text and true meaning.

13. Denies the allegations set forth in paragraph "13" of the amended complaint and avers that section 20-361 of the Administrative Code sets forth the requirements for the "[i]ssuance and renewal"' of, among others, cabaret licenses, and refers the Court to this statute for its full text and true meaning.

14. Denies the allegations set forth in paragraph "14" of the amended complaint and avers that section 20-361 of the Administrative Code sets forth the requirements for the "[i]ssuance and renewal" of, among others, cabaret licenses, and refers the Court to this statute for its full text and true meaning and also avers that the local Community Board is notified of the application made by an applicant to request an inspection by the New York City Fire Department.

15. Denies the allegations set forth in paragraph "15" of the amended complaint and refers the Court to section 20-363 of the Administrative Code for its full text and true meaning and avers that licensees must pay a license fee for a cabaret license that is valid for a term of two years and expires on September 30th of every odd numbered year.

16. Denies the allegations set forth in paragraph "16" of the amended complaint and avers that Local Law 12 of 1926, effective January 1, 1927, among other things, set forth the requirements to obtain a license to operate a cabaret and refers the Court to the Local Law for its full text and true meaning.

17. Denies the allegations set forth in paragraph "17" of the amended complaint and avers that the Committee on Local Laws in Favor of Adopting a Local Law to Regulate Dance Halls and Cabarets and Providing for Licensing the Same issued a report on December 7, 1926 and refers the Court to that report for its full text and true meaning.

18. Denies the allegations set forth in paragraph "18" of the amended complaint.

19. Denies the allegations set forth in paragraph "19" of the amended complaint.

20. Denies the allegations set forth in paragraph "20" of the amended complaint.

21. Denies the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint.

23. Denies the allegations set forth in paragraph "23" of the amended complaint.

24. Denies the allegations set forth in paragraph "24" of the amended complaint and avers that there are currently 118 cabaret licenses issued by the Department of Consumer Affairs of the City of New York ("DCA") and an additional 15 cabaret license renewal applications pending, as well as approximately 25,100 food service establishment licenses issued by the Department of Health and Mental Hygiene of the City of New York, many of which have not sought a DCA cabaret license.

25. Denies the allegations set forth in paragraph "25" of the amended complaint.

26. Denies the allegations set forth in paragraph "26" of the amended complaint.

27. Denies the allegations set forth in paragraph "27" of the amended complaint.

28. Denies the allegations set forth in paragraph "28" of the amended complaint.

29. Denies the allegations set forth in paragraph "29" of the amended complaint and avers that the Zoning Resolution provides, among other things, that eating and drinking establishments with dancing are categorized as Use Group 12 and that Use Group 12 uses are permitted only in the following Commercial Districts: C4 ("General Commercial"), C6 ("General Central Commercial"), C7 ("Commercial Amusement") and C8 ("General Service") zoning districts, and refers the Court to Zoning Resolution §§ 32-00 and 32-21 for their full text and true meaning.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. Denies the allegations set forth in paragraph "32" of the amended complaint.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Denies the allegations set forth in paragraph "34" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint, except admits that to the

extent that the defendant lawfully enforces provisions of the Administrative Code, it acts under color of law.

36. Denies the allegations set forth in paragraph "36" of the amended complaint.

37. Denies the allegations set forth in paragraph "37" of the amended complaint and refers the Court to the cases referenced in the amended complaint for a true and complete statement of their content and effect.

38. Denies the allegations set forth in paragraph "38" of the amended complaint and refers this Court to the Court's decision in Merco Properties, Inc. v. Guggenheimer, 395 F. Supp. 1322 (S.D.N.Y 1975) for a true and complete statement of its content and effect.

39. Denies the allegations set forth in paragraph "39" of the amended complaint and refers this Court to the Court's decision in Chiasson v. New York City Dept. of Consumer Affairs, 132 Misc. 2d 640, 505 N.Y.S.2d 499 (Sup. Ct. N.Y. Co. 1988) for a true and complete statement of its content and effect.

40. Denies the allegations set forth in paragraph "40" of the amended complaint and refers this Court to the Court's decision in Chiasson v. New York City Dept. of Consumer Affairs, 138 Misc. 2d 394, 524 N.Y.S.2d 649 (Sup. Ct. N.Y. Co. 1988) for a true and complete statement of its content and effect.

41. Denies the allegations set forth in paragraph "41"of the amended complaint and refers this Court to the Court's decision in Festa v. New York City Dept. of Consumer Affairs, 12 Misc. 3d 466, 820 N.Y.S.2d 452 (Sup. Ct. N.Y. Co. 2006), aff'd, 37

A.D.2d 343, 830 N.Y.S.2d 133 (1st Dep't 2007) for a true and complete statement of its content and effect.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint, except admits that Muchmore's Cafe, LLC is licensed by the Department of Health and Mental Hygiene of the City of New York ("DOHMH") to operate as a food service establishment.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding a "citation" received by plaintiff.

47. Denies the allegations set forth in the second paragraph labeled number "46" of the amended complaint.

48. Denies the allegations set forth in paragraph "47" of the amended complaint.

49. Denies the allegations set forth in paragraph "48" of the amended complaint.

50. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the amended complaint, except admits that Muchmore's has not applied for nor received a cabaret license.

51. Denies the allegations set forth in paragraph "50" of the amended complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the amended complaint, except admits that plaintiff purports to proceed as alleged therein and further denies so much of said paragraph as alleges or purports to allege that "social dancing by its patrons" is expressive conduct protected by the United States Constitution.

53. In response to the allegations set forth in paragraph "52" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "51", inclusive, of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "53" of the amended complaint.

55. Denies the allegations set forth in paragraph "54" of the amended complaint, except admits that plaintiff purports to proceed as set forth therein.

56. In response to the allegations set forth in paragraph "55" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "54", inclusive, of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "56" of the amended complaint.

58. Denies the allegations set forth in paragraph "57" of the amended complaint, except admits that plaintiff purports to proceed as alleged therein.

59. Denies the allegations set forth in paragraph "58" of the amended complaint, except admits that plaintiff purports to proceed as alleged therein.

60. Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. Plaintiff lacks standing to assert any claims on behalf of its patrons, performers or prospective performers.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. Defendant has not violated any rights, privileges or immunities secured to the plaintiff by the constitution or laws of the United States, nor has defendant violated any act of Congress providing for the protection of civil rights.

64. Any actions of defendant complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE,** defendant the City of New York requests judgment dismissing the amended complaint and denying all relief requested therein, together with the costs of the action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 24, 2014

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for the Defendant
100 Church Street, Room 5-162
New York, New York 10007
(212) 356-2188

By: *Ave Maria Brennan*
AVE MARIA BRENNAN (AB 7488)
Assistant Corporation Counsel