EXHIBIT 3

Administrative Code of the City of New York

Copyright 2015 New York Legal Publishing Corporation a New York Corporation, All Rights Reserved

Administrative Code of the City of New York

Title 20 Consumer Affairs

CHAPTER 1 LICENSE ENFORCEMENT

§ 20-101 Legislative intent.

The council finds that for the protection and relief of the public from deceptive, unfair and unconscionable practices, for the maintenance of standards of integrity, honesty and fair dealing among persons and organizations engaging in licensed activities, for the protection of the health and safety of the people of New York city and for other purposes requisite to promoting the general welfare, licensing by the department of consumer affairs is a necessary and proper mode of regulation with respect to certain trades, businesses and industries. The council finds further that, in order to secure the above-mentioned purposes, and generally to carry out responsibilities for supervising and regulating licensed activities, trades, businesses and industries, the commissioner of consumer affairs requires powers, remedies and sanctions which are equitable, flexible and efficient. Finally, the council finds that sanctions and penalties applied by the commissioner and by the courts for the violation of laws and regulations by individuals and organizations engaging in various licensed activities, trades, businesses and industries, must be sufficient to achieve these above-mentioned purposes of licensing.

Administrative Code of the City of New York

Copyright 2015 New York Legal Publishing Corporation a New York Corporation, All Rights Reserved

Administrative Code of the City of New York

Title 20 Consumer Affairs

CHAPTER 1 LICENSE ENFORCEMENT

§ 20-104 Powers of the commissioner with respect to licensing.

   a. The commissioner shall have cognizance and control of the granting, issuance, transferring, renewal, denial, revocation, suspension and cancellation of all licenses issued under chapter two and under all other laws conferring such powers upon him or her. The commissioner or the commissioner's designee shall collect all fees for all such licenses and permits and shall otherwise enforce the provisions of chapter two.

   b. The commissioner shall, as he or she determines necessary and appropriate, promulgate, amend and rescind regulations and rules:

   1. to carry out the powers and duties of the department;

   2. to prevent and remedy fraud, misrepresentation, deceit and unconscionable dealing, and to promote fair trade practices by those engaging in licensed activities;

   3. to require adequate disclosure by those engaging in licensed activities of both the terms and conditions under which they perform licensed activities, adequate disclosure of the true names or true corporate names of licensees, and adequate disclosure of applicable local, state and federal law pertinent to consumers' interests regarding the conduct of activities licensed under chapter two;

   4. to require that licensees keep such records as he or she may determine are necessary or useful for carrying out the purposes of chapter two and, except as specifically set forth in chapter two, retain them for three years;

   5. to ensure that all persons and organizations licensed under this title have made appropriate financial disclosure, and that the premises complies with all legal requirements necessary to engage in the licensed activity;

   6. with respect to licensed activities, to protect the health, safety, convenience and welfare of the general public; and

   7. to ensure that those engaging in licensed activities do not discriminate against any person on the basis of age, sex, race, color, national origin, creed or religion in violation of city, state or federal laws.

c. The commissioner shall compile all regulations and rules promulgated by the department and maintain a copy thereof, available for public inspection at his or her principal office at such times as that office shall be open for business. A record of each license issued indicating its kind and class, the license number, the fee received therefor and such other records as the commissioner may require shall be kept by the department.

d. The commissioner or the commissioner's designee shall be authorized to conduct investigations, to issue subpoenas, to receive evidence, to hear complaints regarding activities for which a license is or may be required, to take depositions on due notice, to serve interrogatories, to hold public and private hearings upon due notice, to take testimony and to promulgate, amend and modify procedures and practices governing such proceedings.

e. (1) The commissioner shall be authorized, upon due notice and hearing, to suspend, revoke or cancel any license issued by him or her in accordance with the provisions of chapter two and to impose or institute fines or civil penalties for the violation of (i) any of the provisions of chapter two of this title and regulations and rules promulgated under chapter two of this title and (ii) any of the provisions of any other law, rule or regulation, the enforcement of which is within the jurisdiction of the department including but not limited to subchapter one of chapter five of this title (the consumer protection law) subchapter two of chapter five (the truth in-pricing-law); provided that such violation is committed in the course of and is related to the conduct of the business, trade or occupation which is required to be licensed pursuant to chapter two of this title. Except to the extent that dollar limits are otherwise specifically provided such fines or civil penalties shall not exceed five hundred dollars for each violation.

(2) The commissioner may arrange for the redress of injuries caused by such violations, and may otherwise provide for compliance with the provisions and purposes of chapter two of this title.

(3) The commissioner or the commissioner's designee shall be authorized to suspend the license of any person pending payment of such fine or civil penalty or pending compliance with any other lawful order of the department.

(4) The commissioner shall be authorized to impose a fine or civil penalty or to suspend a license or both for a failure to appear at a hearing at the department after due notice of such hearing. If a license has been suspended, it shall be returned to the department forthwith upon receipt of the order of suspension. Failure to surrender the license shall be grounds for a fine or civil penalty or revocation of the license.

(5) Any of the remedies provided for in this section shall be in addition to any other remedies provided under any other provision of law.

f. The commissioner, upon due notice and hearing, may require that persons licensed under chapter two of this title who have committed repeated, multiple or persistent violations of chapter two or any other law, rule or regulation the enforcement of which is within the jurisdiction of the department, conspicuously display at their place of business and in advertisements a notice (of a form, content and size to be specified by the commissioner), which shall describe the person's record of such violations; provided that, for each time such display is required, the commissioner may require that such notice be displayed for not less than ten nor more than one hundred days.

g. The commissioner may refuse to issue or renew any license issued in accordance with the provisions of chapter two of this title and may suspend or revoke any such license, after due notice and opportunity to be heard, upon the occurrence of any one or more of the following conditions:

1. Two or more judgments within a two-year period against the applicant or licensee for theft of identity as defined in section three hundred eighty-s of the general business law; or

2. One criminal conviction against the applicant or licensee for acts of identity theft or unlawful possession of personal identification information as defined in article one hundred ninety of the penal law; or

3. Two or more criminal convictions within a two-year period of any employees or associates of the applicant or licensee for acts of identity theft or unlawful possession of personal identification information as defined in article one hundred ninety of the penal law that are committed with the use of the applicant's or licensee's equipment, data, technology, or other similar resource. It shall be an affirmative defense that a applicant or licensee did not have reasonable grounds to believe the proscribed acts were taking place with the use of the licensee's equipment, data, technology, or other similar resource or that the proscribed acts were not taking place with the use of the applicant's or licensee's equipment, data, technology, or other similar resource.

Administrative Code of the City of New York

Copyright 2015 New York Legal Publishing Corporation a New York Corporation, All Rights Reserved

Administrative Code of the City of New York

Title 20 Consumer Affairs

CHAPTER 2 LICENSES

SUBCHAPTER 20 PUBLIC DANCE HALLS, CABARETS AND CATERING ESTABLISHMENTS

§ 20-359 Definitions.

Whenever used in this subchapter the following terms shall mean:

1. "Public dance hall." Any room, place or space in the city in which dancing is carried on and to which the public may gain admission, either with or without the payment of a fee.

2. "Public dance or ball." Any dance or ball of any nature or description to which the public may gain admission.

3. "Cabaret." Any room, place or space in the city in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons.

4. "Catering establishment." Any room, place or space in the city, which is used, leased or hired out in the business of serving food or beverages for a particular function, occasion or event, to which the public is not invited or admitted and wherein music or entertainment is permitted.

5. "Person." An individual, corporation, club, partnership, association, society or any other organized group of persons, and shall include officers, directors and trustees of a corporation, club, association or society.

6. "Employee." A person employed in any capacity or title in connection with a cabaret or public dance hall, including the licensee and any and all persons responsible for the control or management thereof. It shall also include a concessionaire and each person employed by such concessionaire.

7. "Security guard." A person as defined by subdivision six of section eighty nine-f of the general business law. There shall be a rebuttable presumption that a person employed or whose ser-

vices are retained at a public dance hall or cabaret whose job functions include (1) the monitoring or guarding of the entrance or exit of such public dance hall or cabaret to manage ingress and egress to such public dance hall or cabaret for security purposes during the hours of operation of such establishment and/or (2) protection of such public dance hall or cabaret from disorderly or other unlawful conduct by such patrons is a security guard, provided, however, that such rebuttable presumption shall not apply to the owner of the public dance hall or cabaret.

Administrative Code of the City of New York

Copyright 2015 New York Legal Publishing Corporation a New York Corporation, All Rights Reserved

New York

Administrative Code of the City of New York

Title 20 Consumer Affairs

CHAPTER 2 LICENSES

SUBCHAPTER 20 PUBLIC DANCE HALLS, CABARETS AND CATERING ESTABLISHMENTS

§ 20-360 Licenses and fingerprinting.

    a. It shall be unlawful for any person to conduct, maintain or operate, or engage in the business of conducting, maintaining or operating, a public dance hall, cabaret or catering establishment unless the premises wherein the same is conducted, maintained or operated are licensed in the manner prescribed herein.

    b. A membership corporation, club, association or society which permits musical entertainment, singing, dancing or other form of amusement in premises wherein food or drink is directly or indirectly sold to its members, or their guests, or to the public, shall be deemed to be conducting a cabaret hereunder.

    c. A steamship or boat moored or tied to a dock, pier or shore, and which contains a dance hall or cabaret in use while so moored or tied, shall be required to obtain such license.

    d. All applicants for licenses required by the provisions of this subchapter and holders of concessions on premises requiring such license shall be fingerprinted. If the applicant is a partnership, all members of the partnership shall be fingerprinted. Except in the discretion of the commissioner, if the applicant is a corporation, club, association, society or other organized groups of persons, all officers, directors, stockholders and other persons entitled to a share of the income or profits shall be fingerprinted. If the applicant for a cabaret license is the proprietor of a hotel containing more than two hundred rooms, only an officer or manager of the hotel filing the application shall be fingerprinted.

Administrative Code of the City of New York

Copyright 2015 New York Legal Publishing Corporation a New York Corporation, All Rights Reserved

New York

Administrative Code of the City of New York

Title 20 Consumer Affairs

CHAPTER 2 LICENSES

SUBCHAPTER 20 PUBLIC DANCE HALLS, CABARETS AND CATERING ESTABLISHMENTS

§ 20-360.2 Additional security measures for cabarets and public dance halls.

a. No one shall operate a cabaret or public dance hall unless all entrances and exits used by patrons are equipped with digital video surveillance cameras, provided, however, that this section shall not apply to an establishment that operates primarily as a restaurant, as defined by section three of the alcoholic beverage control law, during all hours of operation.

b. Digital video surveillance systems shall comply with the following provisions and with the rules of the commissioner:

1. The video surveillance cameras shall be digital in nature and shall be of sufficient number, type, placement and location to view and record all activity in front of and within 15 feet of either side of each entrance or exit;

2. The video surveillance cameras shall be sufficiently light sensitive and provide sufficient image resolution (supported by additional lighting if necessary) to produce easily discernible images recorded at all times;

3. The video surveillance cameras shall record at a minimum speed of fifteen frames per second;

4. The video surveillance camera images shall be capable of being viewed through use of appropriate technology, including but not limited to a computer screen or closed circuit television monitor;

5. The video surveillance camera system shall be capable of transferring the recorded images to a portable form of media, including but not limited to compact disc or digital video disc;

6. The video surveillance cameras shall not have an audio capability;

7. The video surveillance cameras shall be maintained in good working condition;

8. Except as otherwise provided by rule, the video surveillance cameras shall be in operation and recording continuously during all hours of operation of the cabaret or public dance hall and for two hours after the cabaret or public dance hall closes;

9. The recordings made by video surveillance cameras installed and maintained pursuant to this section shall be indexed by dates and times and preserved for a minimum of thirty days so that they may be made available to the department, the police department and other government agencies acting in furtherance of a criminal investigation or a civil or administrative law enforcement purpose;

10. All recordings made by video surveillance cameras installed and maintained pursuant to this section while in the possession of the cabaret or public dance hall shall be stored in a locked receptacle located in a controlled access area, to which only authorized personnel have access, or shall otherwise be secured so that only authorized personnel may access such video recordings. All personnel authorized to access such video recordings must certify in writing that they have been informed on the appropriate use and retention of recordings as set forth in this section, and on the legal issues associated with video surveillance and the use and retention of recordings. The cabaret or public dance hall shall keep a log of all instances of requests for, access to, dissemination and use of, recorded materials made by video surveillance cameras installed and maintained pursuant to this section. Copies of the certifications by authorized employees and of the access log shall be provided to the department in accordance with its rules;

11. The use or dissemination of recordings made by video surveillance cameras installed and maintained pursuant to this section in violation of the penal law or section 50 of the civil rights law shall result in suspension or revocation of a license and a fine of not less than $5,000 nor more than $50,000; and

12. The cabaret or public dance hall shall post signage at appropriate locations, as determined by rule of the commissioner, to notify the public of its use of video surveillance equipment and the locations of video surveillance equipment so that the public has sufficient warning that surveillance is in operation.

c. Each person subject to the provisions of this section shall submit, or ensure the submission of, a report to the department within thirty days after the effective date of this section, or, in the case of a new cabaret or public dance hall, within thirty days after the establishment of such cabaret or public dance hall. Such report shall certify that the cabaret or public dance hall is in compliance with this section. Reports filed pursuant to this subdivision shall be submitted in such form and manner and containing such information as shall be provided by rule of the commissioner.

d. The department shall conduct periodic inspections of licensees to ensure compliance with the use and retention policies set forth in this section.

e. The commissioner may suspend or revoke a cabaret or public dance hall license if the licensee violates the requirements of this section and, in addition, shall impose a fine of $1,000 for each violation of paragraphs nine, ten or twelve of subdivision (b) of this section, and any additional penalties and fines as required by paragraph eleven of subdivision (b) of this section.