14-CV-05668 (RRM)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MUCHMORE'S CAFÉ, LLC,

                                          Plaintiff,

-against-

CITY OF NEW YORK,

                                          Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO MOTION FOR LEAVE TO APPEAR AS *AMICI CURIAE*

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for the City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Ave Maria Brennan*
*Tel: (212) 356-2188*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

    POINT I

        THE STANDARD FOR PERMITTING THE SUBMISSION OF THE PROPOSED MEMORANDUM OF LAW OF THE *AMICI* IS NOT MET HERE AND THE REQUEST SHOULD BE DENIED ............................................................................ 1

        A. The Proposed *Amici* Do Not Bring a "Unique Perspective" as their Motion is Based on the Legally Unsupported Argument that Recreational Dancing is Constitutionally Protected Expression ............................. 2

        B. The Proposed Memorandum of Law of the *Amici*, is, In Part, a Sur-Reply Memorandum that is Not Permitted ............................................................... 4

        C. Of the Five *Amici*, None is Described as Primarily a Recreational Dancer ........................................... 4

CONCLUSION ........................................................................................................................ 5

## Preliminary Statement

Defendant the City of New York (the "City") submits this memorandum of law in response to the motion for leave to appear as *amici curiae* by Ali Coleman, Luis Vargas, Megha Kalia, Natasha Blank and Tamara Burstein. The proposed *amici* are described as "social dancers" who "believe that social dance is, by itself, protected expression under the First Amendment...." Affirmation of Jerry S. Goldman in support of motion, dated June 9, 2015 ("Goldman Aff.") at ¶¶ 2 and 8. From that personal "belief" stems their legally irrelevant "arguments" they wish to present to this Court.[1] For all the reasons explained below, the motion for leave to appear as *amici curiae* should be denied.

## ARGUMENT

### POINT I

**THE STANDARD FOR PERMITTING THE SUBMISSION OF THE PROPOSED MEMORANDUM OF LAW OF THE *AMICI* IS NOT MET HERE AND THE REQUEST SHOULD BE DENIED**

"Districts courts have broad discretion in deciding whether to accept *amicus* briefs." Jamaica Hospital Medical Center, Inc. v. United Health Group, Inc., 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) quoting Concerned Area Residents for the Environ. v. Southview Farm, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993). While the court's discretion is admittedly broad, "the circumstances under which an *amicus* brief is considered 'desirable' are limited...." Jamaica Hospital Medical Center, Inc., 584 F. Supp. 2d at 497. The circumstances and standard

---

[1] Pursuant to the schedule agreed upon by the parties, Plaintiff's Motion for Judgment on the Pleadings and the City's Cross-Motion for Judgment on the Pleadings were completely briefed on June 5, 2015 when the City's Reply Memorandum in Further Support of the Cross-Motion was served on plaintiff. This motion for leave to appear as *amici curiae* was electronically filed on June 9, 2015, obviously after the parties' Motions for Judgment on the Pleadings were submitted to this Court. The motion of the *amici* does not reference the procedural posture of the action, nor does it indicate the framework in which they seek to be heard by this Court.

relied upon by the Court in Jamaica Hospital were set forth in Ryan v. Commodity Futures Trading Commission, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.):

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. (Citation omitted.) Otherwise, leave to file an amicus curiae brief should be denied.

A. **The Proposed *Amici* Do Not Bring a "Unique Perspective" as their Motion is Based on the Legally Unsupported Argument that Recreational Dancing Is Constitutionally Protected Expression**

*Amici* argue that they have a "unique perspective" and "represent the interests of musicians from genres that rely on social dance, and of the social dancers themselves." Goldman Aff. ¶ 12. Notwithstanding their alleged "unique perspective," the fundamental basis for their proposed *amici* status is their "belief" that social dancing, i.e., recreational dancing, is protected by the First Amendment. Indeed, the greater part of the proposed memorandum of law is devoted to a discussion of why recreational dancing is supposedly protected speech and why intermediate scrutiny should be applied to the cabaret licensing scheme. Proposed *amici* make the blanket statement that "any person engaged in social dancing is using it to communicate emotion." Proposed Memorandum of Law of *Amici Curiae* Social Dancers ("Proposed Memo") at 2. It goes without saying that the issue of whether or not recreational dancing is expression protected by the First Amendment is a legal question that has been answered in the negative by the Supreme Court. Dallas v. Stanglin, 488 U.S. 815 (1989). In fact, the proposed *amici's* statement that "[i]t cannot be reasonably disputed that social dance is expression sufficient to warrant First Amendment protection" flies in the face of the Supreme Court's holding in Stanglin. Proposed

Memo at 9. Moreover, this issue has already been extensively briefed by both petitioner Muchmore's Café LLC in its Motion for Judgment on the Pleadings and by the City in its Cross-Motion for Judgment on the Pleadings. In light of the Supreme Court's definitive ruling in Stanglin and its progeny (see Point III in the City's Memorandum of Law in Support of Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings) there is nothing to be offered by these proposed *amici* that "can help the court beyond what the lawyers for the parties are able to provide" and indeed have provided in their motion and cross-motion papers. Proposed *amici* are not offering a "unique perspective", but rather legal arguments that were essentially already made by plaintiff.

Perhaps realizing this legal obstacle, proposed *amici* also attempt to buttress their supposed "unique perspective" by arguing that music (which is protected expression) has an "inextricable element" which is "social dance." Proposed Memo at 3. Understandably, the proposed *amici* attempt to link the performance of music with recreational dance, as did plaintiff. However, this is a dance case, not a music case, no matter how often plaintiff and now the proposed *amici* try to blur the distinction in an effort to plead and argue a First Amendment claim. See City's Reply Memorandum in Further Support of Cross-Motion for Judgment on the Pleadings at 6.

Moreover, in duplicating and/or restating the same legal arguments raised by plaintiff in its motion, the *amici's* proposed memo is akin to the "vast majority of amicus curiae briefs [that] are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief." Ryan, 125 F.3d at 1063. As the Ryan court stated: "Such amicus briefs should not be allowed." Id.

For these reasons alone the motion should be denied.

B.  **The Proposed Memorandum of Law of the *Amici* is, In Part, a Sur-Reply Memorandum that is Not Permitted**

There is currently pending before this Court both plaintiff's Motion for Judgment on the Pleadings and the City's Cross-Motion for Judgment on the Pleadings. The parties agreed to a briefing schedule that was thereafter ordered by the Court. The briefing schedule provided for the service dates beginning on March 27, 2015 for the plaintiff's Motion for Judgment on the Pleadings and concluding on June 5, 2015 with the City's Reply Memorandum in Further Support of its Cross-Motion for Judgment on the Pleadings. See Docket Sheet Entry 13 and Order in the following entry. Thus, the entire briefing schedule spanned ten weeks from start to finish. Notwithstanding this ten-week span during which parties set forth their legal arguments to the Court, the *amici* did not seek leave to appear during this time, but waited until after the motion and cross-motion were fully briefed and submitted. Tellingly, the Proposed Memo references the City's reply memorandum and arguments raised by the City. See Proposed Memo at 2, 3-4, 6n.4, 7 and 8.

Thus, to the extent the Proposed Memo is an attempt to submit a sur-reply after the close of the briefing on the pending motion and cross-motion, it should not be permitted.

C.  **Of the Five Amici, None is Described as Primarily a Recreational Dancer**

The five *amici* are described as a person or persons who are "social dancers" (Goldman Aff. ¶ 2) and who (i) are "leaders ... of a group of more than 500 individuals and organizations to further house music in New York City" (Luis Vargas and Ali Coleman); (ii) is a creator of "music for a biweekly event called 'the Get Down,' and a 'happy hour dance party'" (Natasha Blank); (iii) is a leader of the "NYC Bhangra Dance company, a group which performs around the City; (iv) and is a person "who has made performance dance her fulltime work." Goldman Aff. ¶¶ 3-6. Thus, notwithstanding their initial description by their counsel, it appears

that none of the *amici* is a recreational dancer. Rather they are persons who "represent the interests of musicians from genres that rely on social dance." Goldman Aff. ¶ 12. It is not clear what the relevance is of these *amici* to the legal issues in this case which revolves around recreational dancing and the licensing requirement for eating and drinking establishments with recreational dancing. It appears to be no more than an indication of an attempt to link music performance which is protected expression with recreational dance, which is not. Dallas v. Stanglin, 488 U.S. 815 (1989).

As well, insofar as the motion and cross-motion currently pending before the Court are for Judgment on the Pleadings, this material is outside the material properly considered on these motions.

## CONCLUSION

For all these reasons, the motion for leave to appear as *amici curiae* should be denied.

Dated:   New York, New York
         June 18, 2015

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for the Defendant
100 Church Street, Room 5-162
New York, New York 10007
(212) 356-2188

By: *Ave Maria Brennan*
AVE MARIA BRENNAN
Assistant Corporation Counsel