UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUCHMORE'S CAFÉ, LLC,<br><br>                          Plaintiff,<br><br>    v.<br><br>THE CITY OF NEW YORK,<br><br>                          Defendant. | Civ. Action No.: 14-cv-05668 (RRM) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO APPEAR AS**
*AMICUS CURIAE*

Ali Coleman, Luis Vargas, Megha Kalia, Natasha Blank and Tamara Burstein, by and through their undersigned counsel, hereby submit this Reply Memorandum in further support of their motion for leave to appear as *amici curiae* in the above-captioned case. This Court has broad discretion to permit the appearance of *amicus curiae*. *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted). Courts may exercise their discretion to grant motions for leave for *amicus curiae* "'when the *amicus* has unique information or perspective that can help the [C]ourt beyond the help that the lawyers for the parties are able to provide.'" *C & A Carbone, Inc. v. County of Rockland, NY*, 2014 WL 1202699, at *4 (S.D.N.Y. 2014) (alteration in original) (*quoting Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

The City disregards or misunderstands *amici*'s perspective in at least three ways. *Amici* easily meet the permissive standard for leave to appear as *amici curiae*.[1]

### I. *Amici* Provide a Unique Perspective on the Scientific Benefits of Social Dance, Which Plaintiff Would Be Unable to Highlight.

Whereas Plaintiff Muchmore's Café, LLC is a business establishment, *amici* are among the many individuals actually engaged in social dance presently prohibited by the Cabaret Law, and the musical performance that the Cabaret Law hinders. *Amici* therefore have a unique perspective on the detrimental, capricious effects of the Cabaret Law, which will assist the Court in rendering its decision.

*Amici* have discussed at length scientific research – which is not addressed by Plaintiff whatsoever in its papers – demonstrating that dance is a mode of expression (communication) in a non-performance context. Amici Proposed Br. at 9-20. Social dance is a means of expression that transcends standard linguistic and cultural barriers, and social dancers express feelings, beliefs, judgments and more – all of which encompass some degree of recognizable emotion. The studies and research discussed in *amici*'s brief also evince a wide range of benefits directly associated with social dance. *Id.* Simply put, social dance is expression sufficient to warrant First Amendment protection.

### II. The City Mischaracterizes *Amici*'s Proposed Brief as a Surreply on Plaintiff's Behalf.

The City is apparently under the misimpression that a proposed *amicus* brief must be filed before the parties' briefing has concluded. City Br. at 4. This argument is pulled out of thin air. *Amici* regularly file briefs after the parties' briefing has concluded. Indeed, by waiting

---

[1] Moreover, to the extent the Court has any concerns regarding Plaintiff's standing to challenge the Cabaret Law—which amici believe is clearly present—amici undoubtedly have standing to challenge a law that directly restricts their own activities. If the Court deems it necessary, *amici* are willing and able to intervene as parties.

until after the parties fully briefed their cross-motions for judgment on the pleadings, *amici* were able to tailor their brief in a manner most helpful to the Court.[2]

The City's reference to *Dallas v. Stanglin*, 488 U.S. 815 (1989), City Br. at 3, a case the City addressed at great length in its briefing, demonstrates the City's misunderstanding of *amici*'s argument. Plaintiff addressed *Stanglin* in its briefing. *Amici* are not attempting to effectively give Plaintiff a second bite at the apple on *Stanglin*. Indeed, *amici*'s proposed brief mentions *Stanglin* only to endorse Plaintiff's analysis of it. Amici Proposed Br. at 3. *Amici* make the separate argument that social dance is an inextricable element of protected musical performance speech entitled to protection under *United States v. O'Brien*, 391 U.S. 367 (1968). The City's attempt to mush *amici*'s and Plaintiff's arguments together in order to prevent *amici* from offering their perspective is unpersuasive. If the City wants to oppose *amici*'s brief on its merits, the City is more than welcome to seek leave to do so from the Court. It is inappropriate for the City to attack *amici*'s legal argument in the context of a motion dedicated to arguing that *amici* cannot offer their perspective in the first place.

Moreover, the fact that *amici* are involved in musical performance and social dance makes perfect sense, as *amici*'s argument is not just about social dance, but about how the Cabaret Law's prohibition of social dance impinges on musical performance. Amici Proposed Br. at 3-9.

### III. The City Implies that Only "Professional" Recreational Dancers Should Be Entitled to First Amendment Protection.

In its opposition papers, the City contends that in order to properly assert First Amendment rights, one must be engaged full-time in the purportedly protected activity. City Br. at 4-5. That argument has no merit. The First Amendment's protections inure to all of us, not

---

[2] Moreover, there is nothing in the Federal Rules of Civil Procedure, Local Rules or this Court's Individual Rules regarding timing for *amicus* briefs.

merely professionals. The First Amendment does not merely protect public officials or political pundits, religious leaders, or professional performers. Rather, by its very nature, it protects the entire population of this Country. *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 441 (1988) ("the First Amendment must apply to all citizens alike"); U.S. Const. Amend. 1 ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."); *see* U.S. Const. Amend. 14. Moreover, there is no such thing as a 'professional' social dancer—by its very nature, social dancing is a part-time endeavor, just like a citizen speaking at a town hall meeting.

As explained above, it is actually particularly appropriate that *amici* live at the nexus between social dance and the musical performance that the Cabaret Law inhibits by prohibiting social dance. As set forth in *amici*'s proposed brief, social dance and musical performance are inextricably linked—the fact that amici participate on both sides of that relationship does not somehow lessen their ability to serve as *amici curiae* in this matter.

WHEREFORE, for the reasons set forth herein and in the Affirmation of Jerry S. Goldman, Esq. and accompanying proposed memorandum of law, *amici* respectfully request that the Court grant their motion for leave to appear as *amici curiae*.

Dated: June 29, 2015

/s/
Jerry S. Goldman, Esq. (JG-8845)
Christopher L. Ayers, Esq. (CA-5091)
Nicholas R. Maxwell, Esq. (NM-9797)
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

*Attorneys for Amici Curiae Social Dancers*