# LOCAL LAWS
## OF
## THE CITY OF NEW YORK
## FOR THE YEAR 2017

_____

## No. 214

_____

Introduced by Council Members Espinal, Reynoso, Levin, Rosenthal, Koslowitz, Johnson, Torres, Williams, Perkins, Dromm, Maisel, Mendez, Grodenchik, Menchaca, Treyger, Cornegy, Cumbo, Gentile, Richards, Van Bramer, Levine, Rodriguez, Garodnick, Chin and Ulrich.

## A LOCAL LAW

**To amend the administrative code of the city of New York, in relation to security cameras and security guards at certain eating or drinking establishments and repealing subchapter 20 of title 20 of such code, relating to licensing public dance halls, cabarets and catering establishments**

*Be it enacted by the Council as follows:*

Section 1. Subdivision (n) of section 7-703 of the administrative code of the city of New York, as amended by local law number 8 for the year 2007, is amended to read as follows:

(n) Any building, erection or place, including one- or two-family dwellings, in which a security guard, as defined in subdivision six of section eighty nine-f of the general business law, is employed in violation of one or more of the following provisions: the alcoholic beverage control law or sections [20-360.1 or] 27-525.1*, 10-177 or 28-117.4* of this code;

§ 2. Title 10 of the administrative code of the city of New York is amended by adding a new section 10-177 to read as follows:

*§ 10-177 Security measures at certain eating or drinking establishments.*

*a. Definitions. For the purposes of this section, the following terms have the following meanings:*

1

*Security guard.* The term "security guard" means a person as defined by subdivision 6 of section 89-f of the general business law.

*Security guard company.* The term "security guard company" means a company licensed to provide security guards under contract to other entities pursuant to article 7 of the general business law.

*b. Digital video surveillance cameras. a.* The owner of an eating or drinking establishment that (i) operates pursuant to a permitted use under use group 12, section 32-21 of the zoning resolution, as indicated in such establishment's certificate of occupancy or place of assembly certificate of operation; and (ii) is required to have a license to sell liquor at retail pursuant to the alcohol beverage control law, shall equip all entrances and exits used by patrons with digital video surveillance cameras that comply with the following provisions:

*1.* The video surveillance cameras shall be digital in nature and shall be of sufficient number, type, placement and location to view and record all activity in front of and within 15 feet of either side of each entrance or exit;

*2.* The video surveillance cameras shall be sufficiently light sensitive and provide sufficient image resolution (supported by additional lighting if necessary) to produce easily discernible images recorded at all times;

*3.* The video surveillance cameras shall record at a minimum speed of fifteen frames per second;

*4.* The video surveillance camera images shall be capable of being viewed through use of appropriate technology, including but not limited to a computer screen or closed circuit television monitor;

2

5. The video surveillance camera or the system affiliated with such camera shall be capable of transferring the recorded images to a portable form of media, including but not limited to compact disc, digital video disc, universal serial bus, secure digital card or portable hard drive;

6. The video surveillance cameras shall not have an audio capability;

7. The video surveillance cameras shall be maintained in good working condition;

8. The video surveillance cameras shall be in operation and recording continuously during all hours of operation and for two hours after such establishment closes;

9. The recordings made by video surveillance cameras installed and maintained pursuant to this section shall be indexed by dates and times and preserved for a minimum of 30 days so that they may be made available to the police department and other government agencies acting in furtherance of a criminal investigation or a civil or administrative law enforcement purpose;

10. All recordings made by video surveillance cameras installed and maintained pursuant to this section while in the possession of such establishment shall be stored in a locked receptacle located in a controlled access area or, if such video recordings are in digital format, in a password-protected digital storage, to which only authorized personnel have access, or shall otherwise be secured so that only authorized personnel may access such video recordings. All personnel authorized to access such video recordings must certify in writing that they have been informed on the appropriate use and retention of recordings as set forth in this section, and on the legal issues associated with video surveillance and the use and retention of recordings. Such establishment shall keep a log of all instances of requests for, access to, dissemination and use of, recorded materials made by video surveillance cameras installed and maintained pursuant to this section; and

11. *Signage shall be posted to notify the public of the use of video surveillance equipment so that the public has sufficient warning that surveillance is in operation.*

*c. Security guards.1. An eating or drinking establishment that (i) operates pursuant to a permitted use under use group 12, section 32-21 of the zoning resolution, as indicated in such establishment's certificate of occupancy or place of assembly certificate of operation; (ii) is required to have a license to sell liquor at retail pursuant to the alcohol beverage control law; and (iii) employs or retains the services of one or more security guards or a security guard company, shall maintain and make available during all hours of operation, proof that each such security guard is registered pursuant to article 7-A of the general business law or that such security guard company is licensed pursuant to article 7 of the general business law.*

*2. Such establishment shall maintain a roster of all security guards working at any given time when such establishment is open to the public, and shall require each security guard to maintain on his or her person proof of registration at all times when on the premises.*

*3. There shall be a rebuttable presumption that a person employed or whose services are retained at such establishment whose job functions include (i) the monitoring or guarding of the entrance or exit of such nightclub to manage ingress and egress to such establishment for security purposes during the hours of operation of such establishment and/or (ii) protection of such establishment from disorderly or other unlawful conduct by such patrons is a security guard, provided, however, that such rebuttable presumption shall not apply to the owner of such establishment.*

*4. Any violation of this subdivision may be reported to the state liquor authority.*

*d. Exemptions. This section does not apply to:*

*1. Premises owned, occupied and used exclusively by a membership corporation, club, society or association, provided such membership corporation, club, society or association was in actual existence prior to January 1, 1926.*

*2. Premises owned, occupied and used exclusively by a religious, charitable, eleemosynary or educational corporation or institution.*

*3. Premises licensed pursuant to subchapters one and three of chapter two of title 20.*

*e. An eating or drinking establishment that is required to comply with subdivisions b and c of this section shall make available to the police department, upon request, such establishment's certificate of occupancy or place of assembly certificate of operation.*

*f. Penalties. Any violation of this section shall be subject to a civil penalty of not more than $1,000 for each such violation, except that the use or dissemination of recordings made by video surveillance cameras installed and maintained pursuant to subdivision b of this section in violation of the penal law or section 50 of the civil rights law shall result in a civil penalty of not less than $5,000 nor more than $50,000.*

§ 3. The definition of "catering establishment" in subdivision a of section 16-306.1 of the administrative code of the city of New York, as added by local law number 146 for the year 2013, is amended to read as follows:

"Catering establishment" [shall have the same meaning as set forth in section 20-359 of this code] *means any room, place or space in the city, which is used, leased or hired out for the business of serving food or beverages for a particular function, occasion or event, to which the public is not invited or admitted and wherein music or entertainment is permitted.*

§ 4. Subdivision b of section 17-502 of the administrative code of the city of New York, as amended by local law number 47 for the year 2002, is amended to read as follows:

5

b. "Bar" means a business establishment or any portion of a non-profit entity, which is devoted to the selling and serving of alcoholic beverages for consumption by the public, guests, patrons, or members on the premises and in which the serving of food, if served at all, is only incidental to the sale or consumption of such beverages. For the purposes of this chapter, the term "bar": (i) shall include a restaurant bar; *and* (ii) shall include any area located in a hotel or motel, which is devoted to the selling and serving of alcoholic beverages for consumption by the public, guests, patrons, or members on the premises and in which the serving of food, if at all, is only incidental to the sale or consumption of alcoholic beverages[; and (iii) shall include a cabaret as defined in section 20-359 of the code which is required to be licensed by the department of consumer affairs pursuant to section 20-360 of the code and in which the serving of food, if at all, is only incidental to the sale or consumption of alcoholic beverages]. For the urposes of this subdivision, (i) service of food shall be considered incidental to the sale or consumption of alcoholic beverages if the food service generates less than forty percent of total annual gross sales and (ii) any business establishment or any portion of a non-profit entity which is devoted to the selling and serving of alcoholic beverages for consumption by the public, guests, patrons, or members on the premises that generates forty percent or more of total annual gross sales from the sale of food for on-premises consumption shall be a restaurant.

§ 5. Subchapter 20 of chapter 2 of title 20 of the administrative code of the city of New York is REPEALED.

§ 6. This local law takes effect 120 days after it becomes law.

THE CITY OF NEW YORK, OFFICE OF THE CITY CLERK, s.s.:

I hereby certify that the foregoing is a true copy of a local law of The City of New York, passed by the Council on October 31, 2017 and approved by the Mayor on November 27, 2017.

MICHAEL M. McSWEENEY, City Clerk, Clerk of the Council.


CERTIFICATION OF CORPORATION COUNSEL

I hereby certify that the form of the enclosed local law (Local Law No. 214 of 2017, Council Int. No. 1652-A of 2017) to be filed with the Secretary of State contains the correct text of the local law passed by the New York City Council and approved by the Mayor.

STEPHEN LOUIS, Acting Corporation Counsel.