# MUCHMORE & ASSOCIATES PLLC
217 Havemeyer Street, 4th Floor
Brooklyn, New York 11211
(917) 932-0299

January 6, 2018

**Via Electronic Case Filing**

Magistrate Judge Ramon E. Reyes, Jr.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Room N205
Brooklyn, NY 11201

      Re:    **Muchmore's Cafe, LLC v. City of New York**
              **Index No. 14-cv-5668 (RRM) (RER)**
              **Response to Letter Application of Proposed Amicus Curiae Alan Sugarman**

Your Honor:

      Pursuant to Rule I(A)1 of the Your Individual Rules, Plaintiff Muchmore's Cafe, LLC submits this response to the letter application of proposed Amicus Curiae Alan Sugarman.

### The Proposed Amicus Brief Concerns an Application Which Has Not Been Made

      Pursuant to the January 4, 2018 letter application of Alan Sugarman, "Amicus Curiae Alan D. Sugarman, an attorney admitted before this Court, a taxpayer of the City of New York, and a person having an interest in the laws concerning dancing in the City of New York hereby moves this Court for leave to file an Amicus Letter Brief under Local Civil Rule 5.2(b) as to Plaintiff's request for legal fees."

      However, Plaintiff Muchmore's Cafe, LLC and its undersigned counsel have not made any application to the Court for attorneys' fees. As set forth in the joint status report of Plaintiff and Defendant dated December 19, 2017, Plaintiff and Defendant are negotiating the matter of attorneys' fees, but no application is pending before the Court. If the matter of attorney's fees is resolved, the parties intend to execute a Stipulation of Dismissal to be so ordered by the Court. If the matter of attorneys' fees is not resolved, Plaintiff's counsel intends to submit a pre-motion letter seeking leave to amend its pleading to address references to "dancing" or "cabarets" in other provisions of the New York City Administrative Code and to enjoin the enforcement of such provisions. While this firm has invested nearly three hundred attorney hours into securing the repeal of the Cabaret Law, no motion for attorneys' fees has been filed or is imminent.

### The Proposed Amicus Curiae's Disagreement with Plaintiff's Litigation Strategy
### Does Not Justify His Intervention in this Proceeding

      This firm collaborated with proposed Amicus Curiae Alan Sugarman early in this action. Mr. Sugarman submitted an Affidavit in opposition to the Defendant's Cross-Motion for Judgment on the Pleadings and procured an Affidavit from Pedro Giraudo in opposition to such Cross-Motion.

      However, due to differences of opinion in litigation strategy, this firm elected not to continue in the collaboration beyond that point. Specifically, Mr. Sugarman expressed concerns that this firm

would be unable to successfully challenge the Cabaret Law, that he was skeptical of Plaintiff's Equal Protection Clause claims, that greater emphasis should be placed on the disparate treatment of hotels and other groups subject only to rational basis scrutiny, and that a challenge to the provisions of the New York City Zoning Resolution impacting dancing was also necessary.

Plaintiff's challenge to the Cabaret Law is predicated primarily on First Amendment grounds, and secondarily on Equal Protection Clause grounds in relation to race and sexual orientation. Plaintiff's motion papers and the Court's Memorandum and Order dated September 29, 2016 focus primarily on the First Amendment, though Plaintiff's Equal Protection Clause claims also survived the Defendant's Cross-Motion for Judgment on the Pleadings.

The First Amendment arguments set forth in Plaintiff's moving papers provide the clearest grounds for a determination the Cabaret Law is unconstitutional without consideration of fact issues that could not be resolved in the context of cross-motions for judgment on the pleadings. These arguments would have resulted in a determination the Cabaret Law violates the United States Constitution had the City not acted to repeal the Cabaret Law while this action was pending. Plaintiff's counsel worked closely with Council Member Rafael Espinal, other members of the City Council, and numerous interest groups to optimize the language of the repeal bill and secure its passage while this action was pending.

While Plaintiff's primary claims are focused on the First Amendment, Plaintiff's Equal Protection Clause claims are also predicated on a solid factual and legal foundation and survived Defendant's Cross-Motion seeking dismissal. Plaintiff never argued that the original text of the Cabaret Law was *explicitly* predicated on race, but instead argued the racial animus behind the law was *implicit* and that it continues to have a disparate impact. Federal case law is clear the motivation behind a challenged law can be surmised not just from its text, but from the circumstances leading up to its enactment. *Harper v. Virginia*, 383 U.S. 663 (1966); *Hunter v. Underwood*, 471 U.S. 222 (1985).

It is by no means a radical proposition that the Cabaret Law was motivated by racial animus. At the November 27, 2017 signing of the bill repealing the Cabaret Law, Mayor William DeBlasio acknowledged the measure was needed to "right a wrong"; that "the Cabaret Law was in many ways repressive"; that "there's a very insidious history behind the law, because it was hardly put there for the purest purposes"; and that "we know this law was used to persecute and harass people, in many cases because of the color of their skin or who they chose to love". *See https://www.youtube.com/watch?v=Mq_u9HSYx6s*. Council Member Rafael Espinal, the primary bill sponsor, stated the Cabaret Law had "historically been used and enforced unevenly toward marginalized communities"; and "if you owned a business or cultural space that was heavily patronized by people of color, or by artists, or by the LGBT community, you were targeted." *Id*. The official Twitter account of the New York City Council posted on October 31, 2017, "#CabaretLaw was used to target specific establishments- Black, Gay, Latino communities were deeply impacted by outdated law- #NYCCstated". In addition to these admissions, the bill jacket annexed as an exhibit to Mr. Sugarman's letter motion explicitly references jazz. The Supreme Court of New York determined in *Chaisson v. City of New York*, 505 N.Y.S.2d 499 (Sup. Ct. N.Y. Co. 1986) that the Cabaret Law's targeting of jazz lacked a defensible basis. It is scurrilous for Mr. Sugarman to intimate this firm in any way misled the Court. His argument assumes that not only the Court, but the Mayor, the City Council, the New York Times, the Wall Street Journal, and other respected media outlets were all misled by a small Brooklyn music venue as to the Cabaret Law's motivation more than 91 years ago. It also ignores the extensive focus on First Amendment issues in Plaintiff's moving papers and the Court's Memorandum and Order, treating them as mere dicta with no legal significance.

### Remaining Zoning Issues

Plaintiff and its undersigned counsel agree with Mr. Sugarman's assessment that the remaining references to "dancing" or "cabarets" in the New York City Zoning Resolution pose a grave threat to the Constitutional rights of New Yorkers and must be eliminated. The repeal of the Cabaret Law means that dancing is now legally permitted in places other than eating and drinking establishments, and in eating and drinking establishments that possess a Use Group 12 Certificate of Occupancy. The repeal of the Cabaret Law has expanded the number of places in which New Yorkers can legally dance in public from less than one hundred to many thousands, but most eating and drinking establishments continue to be located in zoning districts where dancing is forbidden.

Plaintiff's pleading did not challenge the relevant provisions of the Zoning Resolution because Plaintiff's business is located in a zoning district that permits Use Group 12. As a result, it appeared Plaintiff was not ideally situated to challenge these provisions. However, in light of provisions such as Sec. 27-954(s) of the City's 1968 Building Code, which require expensive fire sprinkler systems in eating and drinking establishments considered "cabarets", it appears Plaintiff may have standing to challenge these provisions. If Plaintiff and Defendant reach an agreement on the issue of attorneys' fees, Plaintiff's counsel intends to discontinue this action, but reserves the right to challenge these code sections if the City fails to amend them in due course. Mr. Sugarman is equally capable of commencing his own action to challenge these provisions rather than seeking to compel Plaintiff to pursue his preferred litigation strategy.

### Conclusion

For the foregoing reasons, it is respectfully requested that the letter application of proposed Amicus Curiae Alan Sugarman be denied, and that Plaintiff and Defendant be permitted to reach a resolution of the attorneys' fees issue through voluntary settlement. If such a resolution is not reached, Plaintiff intends to submit a separate pre-motion letter seeking to amend its pleading and to obtain a preliminary injunction concerning references to "dancing" and "cabarets" in other provisions of the New York City Administrative Code.

Respectfully submitted,

Andrew Muchmore

cc: Ave Maria Brennan, Esq. (Via Electronic Case Filing)
Hon. Ramon E. Reyes, Jr. (Via First Case Filing)
Jerry Goldman, Esq. (Via Electronic Case Filing)
Alan Sugarman, Esq. (Via Electronic Case Filing)