**Alan D. Sugarman**  
**Attorney At Law**

17 W. 70 Street  
Suite 4  
New York, NY 10023  
212-873-1371  
mobile 917-208-1516  
fax 212-202-3524  
sugarman@sugarlaw.com  
www.sugarlaw.com

January 10, 2018

**By ECF**

Magistrate Judge Ramon E. Reyes, Jr.  
United States District Court Eastern District of New York  
225 Cadman Plaza East  
Rm. N208  
Brooklyn, New York 11201

Re:          Re: Muchmore's Cafe LLC v. City of New York  
                14-cv-05668-RRM-RER  
                Amicus Curiae Reply

Your Honor:

Amicus replies to the January 6, 2017, response letter of Muchmore's Cafe, LLC. The City of New York did not submit a response.

Muchmore correctly states that it has not made a formal attorney's fees motion, but Muchmore discusses attorney's fees in two letters to the Court Muchmore seeks thereby to obtain the Court's imprimatur for the City to pay attorney's fees not necessarily obtainable by motion, otherwise there is no need to reference fees in letters to the Court.

Muchmore is not entitled to Equal Protection fees, based upon the Court's dubious view of the claim and the questionable representations made by Muchmore to the Court.

As to the First Amendment claims, had Muchmore actually prevailed, then the use of "dancing" as a factor in other City regulations would have been equally suspect. The challenging part of the Cabaret Law for those venues located in areas zoned for dancing was compliance with various fire, safety, and building regulations including the security regulation included in the Cabaret Law. All of those provisions remain in effect, and the legality would be subject to First Amendment challenge.

As to Muchmore's claims in support of the Equal Protection claim, it is unfortunate that Muchmore feels that Amicus' assertions are scurrilous - to the contrary, Amicus carefully transcribed Muchmore's words. Muchmore misrepresented the text of the 1926 Law to the Court and the Court relied upon those misrepresentations.

Amicus had hoped that Muchmore would acknowledge its misstatements. To avoid misrepresentation of the current litigation, Amicus respectfully requests the Court to

Magistrate Judge Ramon E. Reyes, Jr.
January 10, 2018
Page of 2 of 2

clarify its September Memorandum and Order as to the Equal Protection Claim so as to not perpetuate incorrect history as to the text of the 1926 Cabaret Law.

As to other matters introduced by Muchmore in its response, Amicus has had no attorney-client relationship with Muchmore.  Amicus did have an interest in seeing the repeal of the regulations restricting dancing and offered to provide help in the form of affidavits.  Muchmore acknowledges that Amicus was skeptical of the historical basis of Plaintiff's Equal Protection claim and the unsubstantiated historical claims.

Amicus felt that it was important to include the challenges to other City regulations.  As to the zoning law, Amicus offered to ascertain if any venues outside the dancing zones would be willing to join the case.  Amicus also offered to obtain the support of high-profile individuals who would oppose the Cabaret Law - and indeed, Amicus later did arrange the only high-profile celebrity to testify against the Law at the last City Council hearing.

Muchmore also states that "Muchmore's counsel worked closely with Council Member Rafael Espinal, other members of the City Council, and numerous interest groups" lobbying on changes to the Law and in the course of such lobbying obtained "admissions" from the City.

Muchmore's acknowledgment of his relationship with Espinal substantiates the assertion of Amicus that much of the race rhetoric in the media are traceable to Muchmore and Muchmore's filings in this case.  Espinal repeated Muchmore's inaccurate statements including citation of *Dry Prohibition* as supporting the racist origin claim, until Amicus strongly objected. Espinal then was seen on NewYork One repeating another of Muchmore's false claims, that the law as enacted included limitations on the types of musical instruments that could be played.

The other interest groups with which Muchmore worked closely mounted an effective public relations campaign of blogs, statements, and petitions all perpetuating Muchmore's racial claims.

Muchmore is correct that context in interpretation is important which is why the history of *Dry Prohibition* is important and the meaning of "running wild" in 1926 is important.  What Mayor DeBlasio repeats in 2017 is not relevant.

Sincerely,

Alan D. Sugarman

cc: Andrew Myers Muchmore, amuchmore@muchmorelaw.com
 Jerry S. Goldman jgoldman@andersonkill.com
 Ave Maria Brennan, abrennan@law.nyc.gov