```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUCHMORE'S CAFE, LLC,

                        Plaintiff,
                                                        MEMORANDUM AND ORDER
        - against -                                     14-CV-5668 (RRM) (RER)

CITY OF NEW YORK,

                        Defendant.
-----------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

    Muchmore's Café, LLC ("Muchmore's") brought this case in 2014, challenging the constitutionality of New York City's Cabaret Law, N.Y.C. Admin. Code 20-359, *et seq.* (the "Cabaret Law") under the First and Fourteenth Amendments of the United States Constitution. (*See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 4).) Under the Cabaret Law in effect at the time, the City required businesses that sold food and beverages to the public and allowed dancing to obtain cabaret licenses. Muchmore's alleged that the Cabaret Law violated the First Amendment guarantees of freedom of speech and the right to peacefully assemble, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Am. Compl. ¶¶ 53, 56.) Both parties moved for a judgment on the pleadings. (Pl. Mot (Doc. No. 14); Def. Mot. (Doc. No. 18).) The Court granted the City's motion to dismiss Muchmore's substantive due process claim, but denied the remaining cross-motions. (Mem. & Order (Doc. No. 27).)

    On October 31, 2017, the New York City Council voted to repeal the Cabaret Law. Local Law 214. Shortly thereafter, Muchmore's and the City filed a joint status report, informing the Court that, in light of the Cabaret Law's repeal, they intended to execute a stipulation of dismissal. (Joint Ltr. I (Doc. No. 30).) The parties also noted that counsel for Muchmore's intended to send billing records to the City to obtain attorney's fees as part of the

settlement. (*Id.* at 2.)[1] The parties subsequently provided another update to the Court, and explained that the parties had reached a settlement in principle, and were awaiting the City Comptroller's approval of the settlement terms, to include payment representing fees and expenses. (Joint Ltr. II (Doc. No. 31) at 1.) The parties noted that in the event of such approval, they "intend to execute a Stipulation of Dismissal to be 'so-ordered' by the Court." (*Id.* at 2.)

Prior to resolution of the settlement, Alan Sugarman, a New York City resident and taxpayer with an interest in the Cabaret Law,[2] moved to intervene as *amicus curiae*, claiming that Muchmore's is not entitled to attorney's fees under 42 U.S.C. § 1988, claiming that Muchmore's Equal Protection Clause arguments are grounded in "false and misleading statements." (Mot. to Intervene (Doc. No. 33, 33-1).) Shortly thereafter, Muchmore's and the City filed an executed stipulation of dismissal and settlement. (Stip. and Order of Dismissal (Doc. No. 37).) The parties ask the Court to so-order the stipulation.

For the reasons that follow, the Court so-orders the parties' stipulation of dismissal and settlement and denies Sugarman's motion to intervene.

## DISCUSSION

### I.     Stipulation and Order of Settlement and Dismissal

Federal Rule of Civil Procedure ("Rule") 41 governs voluntary dismissals. Under Rule 41(a), there are two ways to voluntarily dismiss a claim. Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

---

[1] All citations to Court documents refer to Electronic Case Filing System ("ECF") pagination.
[2] Sugarman testified before and provided statements to the City Council in support of the repeal of the Cabaret Law, and, at one point, collaborated with plaintiff in this action. (*See* Mot. To Intervene (Doc. No. 33); Opp'n to Mot. (Doc. No. 34.)

2

considers proper." Fed. R. Civ. P. 41(a)(2). If "all of the parties stipulated to dismissal," then the case is dismissed pursuant to Rule 41(a)(1)(ii). *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998). "Rule 41(a)(2) does not apply to circumstances where plaintiff can secure consent to a stipulated dismissal." *Id.* In this case, both parties jointly signed a stipulation of dismissal, which provides that in consideration for the $60,000 from the City, Muchmore's voluntarily dismisses the action. (Stip. and Order of Dismissal at ¶ 4.) Accordingly, the parties proceeded under Rule 41(a)(1)(ii), and the case is now dismissed.

The parties ask the Court to so-order the terms of their settlement. (*See* Stip. and Order of Dismissal.) Even though Rule 41(a)(1)(ii) permits parties to voluntarily dismiss a case without a court order, the Court may incorporate the settlement contract into its Order of dismissal. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994) ("Even when . . . the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order . . . if the parties agree."); *see also Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 151 (2d Cir. 2009) (citing *Kokkonen* for the proposition that a court may "incorporat[e] the terms of the settlement agreement in the order."). Accordingly, the Court by separate endorsement will so-order the parties' stipulation and order of dismissal.

## II. *Amicus Curiae*

Furthermore, the Court denies Sugarman's motion to intervene. A district court has broad discretion to grant or deny an appearance as *amicus curiae*. *See, e.g., Jamaica Hosp. Medical Center, Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008). The main function of an *amicus* is to assist courts in reaching the correct decision in a case where

the general public interest is at stake. An *amicus* may be useful when "a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

At this stage in the litigation, Sugarman's assistance will not benefit the Court because his primary concerns are not relevant to the Court's decision to approve the settlement agreement. Sugarman's main focus is to debunk the claim that the Cabaret Law was passed with discriminatory purpose, and he argues that Muchmore's cannot make out a valid Equal Protection claim under § 1983. Without a compelling Equal Protection claim under 42 U.S.C. § 1983, Sugarman continues, Muchmore's is not entitled to attorney's fees under 42 U.S.C. § 1988, which allows prevailing parties in § 1983 suits to recover attorney's fees and costs. (Mot. to Intervene at 1, 3, 8.)

Sugarman's concerns are inapposite. The settlement agreement does not award Muchmore's attorney's fees under § 1988 or any other statute, and the City does not admit any liability in the settlement. (Stip. and Order of Dismissal at ¶ 7.) Instead, the attorney's fees contemplated by the settlement constitute consideration for Muchmore's voluntary dismissal of the case and release from all claims arising from the amended complaint. (*Id.* at ¶¶ 4, 5.) The fees incurred are a reasonable proxy for the value of such consideration. Indeed, the terms of the settlement appear to bar Muchmore's from seeking attorney's fees under § 1988. *See Brown v. General Motors Corp., Chevrolet Div.*, 722 F.2d 1009, 1011–12 (2d Cir. 1983) (finding that broad release of claims in the

4

settlement precluded subsequent motion for attorney's fees under § 1988); *accord Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1058 (2d Cir. 1995) ("We adhere to our view in *Brown* that a party may express its intent to waive attorneys' fees by employing broad release language, regardless of whether that release explicitly mentions attorneys' fees."). Therefore, Sugarman's assistance in providing the history of the Cabaret Law and its bearing on any Equal Protection claim would is not prove helpful to the Court in deciding whether it should approve the stipulation and order of settlement and dismissal.

Sugarman also asks the Court to order Muchmore's to file a motion for attorney's fees, as required by Rule 54(d)(2)(A). Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees . . . must be made by motion. . ."). Putting aside any concerns that Sugarman even has standing to make such a request, Rule 54 does not apply because the terms of the settlement, rather than a specific statute or rule, entitle Muchmore's to attorney's fees. Fed. R. Civ. P. 54(d)(2)(B)(ii).

Accordingly, Sugarman's motion is denied in its entirety, and the Court will endorse the stipulation and dismissal by separate Order.

SO ORDERED.

Dated: Brooklyn, New York
July 15, 2018

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge