**Alan D. Sugarman**
**Attorney At Law**

17 W. 70 Street
Suite 4
New York, NY 10023
212-873-1371
mobile 917-208-1516
fax 212-202-3524
sugarman@sugarlaw.com
www.sugarlaw.com

July 23, 2018

**By ECF**

The Honorable Roslynn R. Mauskopf
United States District Court Judge
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Re: Muchmore's Cafe LLC v. City of New York
        14-cv-05668-RRM-RER
        Amicus Curiae Letter Requesting Court to Correct Memorandum and Order

Your Honor:

Amicus refers to the Memorandum and Order of July 15, 2018 as filed July 19, 2018, Document (Doc. No. 38) denying Amicus's January 4, 2018 Motion to Intervene and Letter Brief. (Doc No. 33, 33-1).

This letter respectfully requests that the Court modify and correct its Memorandum and Order of September 29, 2016 (Doc. No. 27), so as not to propagate demonstrably incorrect history relating to sensitive issues.

The Court stated in its Memorandum and Order that "Sugarman's main focus is to debunk the claim that the Cabaret Law was passed with discriminatory purpose."  To be clear, Amicus's main purpose was to show that in reliance upon inaccurate and misleading representations by Muchmore, the Court made erroneous statements perpetuating inaccurate history in its Memorandum and Order of September 29, 2016 (Doc. No. 27.)  I should have been clearer in my letter and should have been explicit as to my implicit intention.

As stated in Amicus's initial letter (Doc. No. 33):

> Muchmore racial claims are unsubstantiated and false, but as to the text of the 1926 Law, the Court was misled. Repeating one of Muchmore's claims, the Court stated:
>> The Cabaret Law has remained in force for nearly nine decades in largely the same form. One major change to the statute was prompted by judicial action. *Until the 1980's, the Cabaret Law limited the number of musicians that could*

The Honorable Roslynn R. Mauskopf
July 23, 2018
Page of 2 of 2

> *play in a Cabaret to three and specified the types of instruments that could be played in a Cabaret.*
>
> Court Mem. at 3, (emphasis supplied). *See also id.* at 42, n. 13. The Court was in error in stating that the 1926 act contained provisions evidencing racist intent. Despite incorrect assertions by Muchmore, the Cabaret Law as enacted *did not include* a limitation of the types and number of musicians, and in no other way did the Cabaret Law as enacted in 1926 contain any explicit provisions that even arguably were racist in nature as shown in the text of the original 1926 Cabaret Law, attached as Exhibit B.

It is incontrovertible that the Court is incorrect that *"Until the 1980's, the Cabaret Law limited the number of musicians that could play in a Cabaret to three and specified the types of instruments that could be played in a Cabaret."*  The misstatement by Muchmore as to the initial law, relied upon by the Court, is the linchpin of his claim of initial discrimination.  Muchmore's false claim of initial discrimination has no support in historians' reviews of contemporaneous 1920s documents, such as complaints of racially discriminatory effect or enforcement - certainly Muchmore still has been unable to identify any such documentation.

It appears that both Muchmore and counsel for the City failed to read the short 1926 statute, readily available in the City archives close to their offices, but not available from any other sources.

I have noted at least one commentary by constitutional law scholars citing the incorrect statement of history by the Court and it appears that various news media may have as well relied upon the Court's inaccurate statement.

Amicus had hoped that the Court in its discretion would correct its 2016 Memorandum and Order so as not to perpetuate the inaccurate history, and perhaps the Court may have intended to do so without regard to this request.

To be clear, Amicus respectfully requests that the Court amend or clarify the Court's Memorandum and Order of September 29, 2016 (Doc. No. 27), so as to omit the demonstrably incorrect statement as to the contents of the 1926 statute.

Sincerely,

Alan D. Sugarman

cc:   Andrew Myers Muchmore, amuchmore@muchmorelaw.com
      Jerry S. Goldman jgoldman@andersonkill.com
      Ave Maria Brennan, abrennan@law.nyc.gov